**Wayne R.N. SEARLE, Plaintiff and Appellant,**

v.

**D. Gene BRIGGS, individually and in his official capacity as Daggett County Clerk, State of Utah, Defendant and Appellee.**

No. 880404.

Supreme Court of Utah.

Nov. 7, 1988.

George H. Searle, Salt Lake City, for plaintiff and appellant.

Bruce R. Garner, Salt Lake City, for defendant and appellee.

ZIMMERMAN, Justice:

This is an appeal from a decision of the District Court for the Eighth Judicial District holding that section 17–5–21(4) of the Code, effective April 25, 1988, applies to write-in candidates for county attorney. We reverse.

Under section 17–5–21(4),[1] if only one qualified candidate files for election to the post of county attorney in a county of the fourth, fifth, or sixth class or in a county in which fewer than three electors are members of the Utah State Bar, that candidate's name is to be printed on the ballot in a separate box and the voters are to be given the option of voting for or against that candidate. Utah Code Ann. § 17–5–21(4)(a) (Supp.1988). Unless the votes for the candidate outnumber the votes against him or her, the candidate will not be deemed elected. Utah Code Ann. § 17–5–21(4)(b) (Supp.1988).

Appellant Searle is a declared write-in candidate for the office of county attorney in Daggett County. The county clerk, appellee Briggs, construed section 17–5–21(4) to apply to write-in candidates as well as those who had formally qualified for listing on the printed ballot either as party or independent candidates. Accordingly, Briggs has had the ballots to be used in Daggett County in the forthcoming general election printed as specified in section 17–5–21(4)(a), with Searle's name in a separate box followed by spaces in which to mark for and against votes. There is also a blank space on the ballot in which the voter can write the name of a write-in candidate for county attorney.

Searle filed suit, claiming that section 17–5–21(4) does not apply to write-in candidates and that if he receives more write-in votes than any other candidate (and there are no other write-in candidates), he is entitled to be declared the elected county attorney. His suit sought to have the ballots corrected to delete the portion that permits the casting of votes against him or for an order that any votes against him not be counted. He also asked that any ballot on which a voter has both marked the space labeled "for" and entered Searle's name as a write-in vote for him as county attorney be counted as one vote for him and not be invalidated by reason of the apparent double voting for the same office. See Utah Code Ann. § 20–7–25 (1984). The district court held that the provisions of section 17–5–21(4) did supersede the more general provisions of section 20–1–8[2] of the Code that prescribe how write-in candidacies are to be handled and that Briggs had properly prepared the ballots. See Utah Code Ann. § 20–1–8 (1984). The district court also rejected several constitutional challenges to section 17–5–21(4) as it applied to Searle.

Before this Court, Searle renews his statutory and constitutional challenges. Because we resolve the matter by reference to the statutes, we need not reach the difficult constitutional questions presented. We conclude that section 17–5–21(4) was not written with write-in candidacies in mind and that it was drafted so as to be applicable only to candidacies of those whose names are to be preprinted on the ballot as a result of their having formally qualified as party or independent candidates for the office of county attorney pursuant to sections 20–3–4, –8, –9, –31, –38, and 20–4–9 of the Code. See Utah Code Ann. §§ 20–3–4, –8, –38, 20–4–9 (Supp. 1988); id. §§ 20–3–9, –31 (1984). This conclusion flows from the fact that the mechanics of a write-in candidacy are simply incompatible with the means specified in section 17–5–21(4) for giving voters a "for"

1.  Section 17–5–21(4) provides as follows:

    (4)(a)(i) In elections for the office of county attorney in fourth, fifth, and sixth class counties and in counties that do not have at least three electors of the county who are licensed members in good standing of the Utah State Bar, if only one candidate qualifies, the office shall be listed in a separate section of the ballot.

    (ii) That ballot section shall state the candidate's name and the candidate's political party and shall include space for the voter to vote for or against the candidate.

    (b) If the number of votes against the candidate exceeds the number of votes for the candidate, the candidate is not elected and may not take office.

    (c) If the number of votes against the candidate exceeds the number of votes for the candidate, the county governing body shall appoint a county attorney as provided in this section.

    Utah Code Ann. § 17–5–21(4) (Supp.1988).

2.  Section 20–1–8 provides only for votes in favor of a candidate: "The person receiving at any election the highest number of votes for any office to be filled at such election is elected thereto." Utah Code Ann. § 20–1–8 (1984).

or "against" choice for sole county attorney candidates.

For example, under section 17–5–21(4), the name of the candidate is to be printed on the ballot; yet by definition, a write-in candidate's name is not printed on the ballot. Utah Code Ann. § 20–7–5(6), –20(1)(c) (Supp.1988). In addition, the ballots must be printed at least seven days before the election so that they can be posted, published in newspapers, and distributed to all candidates and the lieutenant governor for their approval or correction before the election. Utah Code Ann. § 20–7–2 (Supp. 1988). But write-in candidates need not file their declarations of candidacy more than five days before the election. Utah Code Ann. § 20–7–20(2)(a) (Supp.1988). Plainly, it would be physically impossible for the county clerk to comply with the obligation to prepare and distribute the ballots to candidates in advance of the election and still print on the ballot the name of any sole candidate for the county attorney office filing as a write-in anytime close to the expiration of this five-day deadline. In fact, the only reason the clerk was able to print the ballots with Searle's name on them is that he had declared his candidacy long before the final deadline.

Finally, the absentee ballots must be identical to those used on election day, and absentee ballots must be available at least fifteen and possibly as many as thirty days before the election. *See* Utah Code Ann. §§ 20–6–2, –12 (1984); *id.* §§ 20–6–3, 20–19–3(1)(a) (Supp.1988). Again, this requirement is at odds with any interpretation of section 17–5–21(4) that requires the printing of the name of a write-in candidate on the ballot.

Given all the insoluble conflicts created when an attempt is made to apply section 17–5–21(4)'s requirements to write-in candidacies, problems not encountered when that section is applied to formally qualified party or independent candidates whose names are printed on the ballot, we conclude that section 17–5–21(4) could not have been intended to apply to write-in candidates for county attorney. Consequently, Searle is entitled to run as a write-in and have only the votes cast for him counted.

The election will be held tomorrow. However, Daggett County has well less than a thousand registered voters. Therefore, our decision can be timely implemented. County Clerk Briggs is ordered to proceed as follows:

(i) All ballots made available to voters on election day shall have the box labeled "against" that appears after Searle's name on the printed ballot obliterated; if any ballots are cast that do not have the against box obliterated, including any absentee ballots already distributed, and against votes are cast, those against votes shall not be counted.

(ii) Ballots on which Searle's name is properly entered in the space provided for a write-in candidate for county attorney shall be counted as votes for Searle, as shall ballots on which the voter has marked the box labeled "for" after Searle's name.

(iii) Ballots on which the voter has both properly entered Searle's name as a write-in candidate for county attorney and also marked the box labeled "for" shall not be discarded by reason of this double marking, but each such ballot shall be counted as one vote for Searle.

HOWE, Associate C.J., and DURHAM, J., and JACKSON, Court of Appeals Judge, concur.

HALL, C.J., does not participate herein; JACKSON, Court of Appeals Judge, sat.