**Wayne R.N. SEARLE, Petitioner,**

v.

**Gene BRIGGS, Daggett County Clerk, and Utah State Attorney General, Respondents.**

**No. 900461.**

Supreme Court of Utah.

Oct. 23, 1990.

**17.** *College Irr. v. Logan R. & Blacksmith Fork Irr.*, 780 P.2d 1241, 1244 (Utah 1989).

George H. Searle, Salt Lake City, for petitioner.

R. Paul Van Dam, Richard D. Wyss, Salt Lake City, for respondents.

ZIMMERMAN, Justice:

Petitioner Wayne R.N. Searle petitions for an extraordinary writ to compel the Daggett County Clerk to allow Mr. Searle's name to be placed on the election ballot as a write-in candidate for county attorney without provision for "yes" and "no" voting. For the reasons stated below, we deny the petition.

In *Searle v. Briggs*, 765 P.2d 875 (Utah 1988), a case involving the same parties, we addressed the issues raised by this petition under the predecessor statute to section 20–7–5.1.[1] Under the original statute, if only one candidate qualified for the office of county attorney in counties with three or fewer eligible attorneys or in fourth, fifth, and sixth class counties, that candidate was to be listed in a separate section of the ballot, which was to contain spaces for the voters to vote for or against the candidate. *See* Utah Code Ann. § 17–5–21(4) (Supp. 1988) (amended by Utah Code Ann. § 20–7–5.1 (Supp.1990)).

In *Searle*, we held that section 17–5–21(4) of the Code did not apply to write-in candidates, and therefore, write-in candidates would be able to avoid the "for" and "against" voting format. *Searle*, 765 P.2d at 877. In support of that conclusion and in the absence of any legislative history, we examined the overall statutory scheme. We noted that by definition, write-in candidates' names generally do not appear on

the ballot, that section 20–7–2 of the Code mandates that ballots be printed seven days before the election, whereas write-in candidates need not file until five days before the election, and that absentee ballots, which must be available fifteen to thirty days before the election, must be identical to those used on election day. *Id.* We found it thus inconsistent with the statutory scheme to require that the names of write-in candidates be included on the ballot. The effect of this decision was that a write-in candidate for county attorney could win an election with only one vote, while a sole candidate for county attorney who filed and whose name was printed on the ballot could be defeated unless more electors voted in favor than voted against the candidate.

In the case before us, petitioner Wayne R.N. Searle is the Daggett County Attorney. In March and April of 1990, he filed a declaration of candidacy for reelection as county attorney. He was selected as the Democratic Party's nominee. In August of 1990, he filed a declaration of candidacy as a write-in candidate. In September of 1990, he withdrew as a declared candidate so that he could run as a write-in candidate. Respondent Gene Briggs, the Daggett County Clerk, informed Mr. Searle that he would either place Mr. Searle's name on the ballot with the "yes" and "no" boxes or leave his name off the ballot completely, with no space provided on the ballot for write-in candidates. Mr. Searle filed this petition, seeking an extraordinary writ to compel County Clerk Briggs to place his

---

1. The statute we addressed in *Searle v. Briggs*, 765 P.2d 875 (Utah 1988), was section 17–5–21(4):

(4)(a)(i) In elections for the office of county attorney in fourth, fifth, and sixth class counties and in counties that do not have at least three electors of the county who are licensed members in good standing of the Utah State Bar, if only one candidate qualifies, the office shall be listed in a separate section of the ballot.

(ii) That ballot section shall state the candidate's name and the candidate's political party and shall include space for the voter to vote for or against the candidate.

(b) If the number of votes against the candidate exceeds the number of votes for the candidate, the candidate is not elected and may not take office.

(c) If the number of votes against the candidate exceeds the number of votes for the candidate, the county governing body shall appoint a county attorney as provided in this section.

Utah Code Ann. § 17–5–21(4) (Supp.1988) (amended by Utah Code Ann. § 20–7–5.1 (Supp. 1990)).

name on the ballot as a write-in candidate, without the "yes" and "no" boxes.

After our earlier decision in *Searle*, and apparently in direct response to it, the legislature amended section 17–5–21, in part by eliminating subsection (4). It also enacted new section 20–7–5.1. The amended section states:

(1) When there is only one candidate for county attorney at the general election in counties that have three or fewer electors of the county who are members in good standing of the Utah State Bar, the county clerk shall cause that candidate's name and party affiliation, if any, to be placed on a separate section of the ballot with the following question: "Shall (name of candidate) be elected to the office of county attorney? Yes___ No___."

(2) If the number of "no" votes for the candidate exceeds the number of "yes" votes for the candidate, the candidate is not elected and may not take office, nor may he continue in the office past the end of the term resulting from any prior election or appointment.

(3) If no qualified person files for the office of county attorney as provided in Section 20–4–9, the county governing body shall appoint the county attorney as provided in Section 17–5–21.

Utah Code Ann. § 20–7–5.1 (Supp.1990).

The language of the new provision is clear. Under the plain language of the statute, if there is only one candidate for county attorney in a county with three or fewer electors who are eligible to fill that office, the name of that one candidate must appear on the ballot with the "yes" or "no" question, as provided in subsection (1). Subsection (1) of section 20–7–5.1 has no restrictions that would make it applicable only to candidates who file pursuant to section 20–4–9; rather, on its face it applies to all candidates, whether they file according to the procedures in section 20–4–9 or run as write-in candidates. Utah Code

Ann. § 20–7–5.1(1) (Supp.1990). The problems discussed in the first *Searle* case, such as the conflict between the filing deadline for a write-in candidate and the date for the printing of absentee ballots, may still exist, and they certainly may create future problems, but because the present statute is clear where the repealed one was not, those problems are no longer dispositive of the interpretation to be given the statute.[2]

Accordingly, we deny Mr. Searle's petition and instruct County Clerk Briggs to place Mr. Searle's name on the ballot for Daggett County Attorney in compliance with section 20–7–5.1 of the Code.

HALL, C.J., HOWE, A.C.J., and STEWART and DURHAM, JJ., concur.

---

2. Because we find that subsection (1) applies to all candidates, we need not address the difficult question raised by subsection (3), which allows for the appointment of a county attorney. We note that this provision may conflict with article VIII, section 16 of the Utah Constitution, which seems to require that public prosecutors be elected. *See* Utah Const. art. VIII, § 16.