## THE STATE OF UTAH, RESPONDENT *v.* HOKEN OLSEN, APPELLANT.[1]

APPEALS — CONSTRUCTION OF STATUTE — ACTION COMMENCED IN JUSTICE'S COURT—JURISDICTION OF APPELLATE COURT—CONST. ART. 8, SEC. 9.

> Under Art. 8, Sec. 9, Const., this court has no power on appeal, in a case originally commenced in justice's court, to determine whether or not the construction placed by a district court upon a statute is erroneous.[2]

( Decided January 6, 1899.)

Appeal from the District Court 2d Judicial District, Weber county.  Hon. H. H. Rolapp, *Judge.*

Defendant was prosecuted for selling liquor without a license.  The prosecution was originally brought before a justice of the peace and upon conviction and judgment, appeal was taken to the district court where conviction was likewise had and defendant sentenced to fine and imprisonment, whereupon he appealed to this court.  Appeal dismissed.

*M. D. Lessenger, Esq.*, for appellant.

*Hon. A. C. Bishop, Attorney General*, for the State.

BARTCH, C. J.

In this case the defendant was prosecuted for selling liquor without a license.  The prosecution was originally

---

[1] Rehearing denied April 24, 1899.

[2] *Eureka City* v. *Wilson*, 15 Utah, 53.  *City of Ogden* v. *Crossman*, 53 P. 985.  Affirmed.

brought before a justice of the peace, and upon conviction and judgment there, the defendant appealed to the District Court where he was likewise convicted, and sentenced to fine and imprisonment, whereupon he appealed to this court. The defendant's standing in this court has been challenged, on the part of the State, by motion to dismiss the appeal, on the ground that the decision of the District Court was final and conclusive; because, as is alleged in the motion, no question of the validity or constitutionality of a statute is involved. The question on the motion therefore is whether, as is maintained by counsel for the appellant, the case involves such a statutory question as authorizes an appeal to this court, for if it does not the appeal must be dismissed for want of jurisdiction.

It appears from the record that, while the case was pending in the justice's court, the defendant objected that the complaint filed against him did not state facts sufficient to constitute a public offense. The justice overruled the objection and entered judgment of conviction. In the district court the same objection was interposed, and thereupon the court permitted the prosecution to amend its complaint so as to meet the objection. Counsel for the appellant contends that the amendment was made under Sec. 5167, R. S., and that the court erred in its construction of that statute, maintaining that it authorized no amendment to the complaint. Neither the validity nor constitutionality of the statute is drawn in question. The alleged error relates solely to construction, and therefore, however erroneous the interpretation of that court may be, it confers no right of appeal, because it does not fall within the exception contained in Sec. 9, Art. 8, Const. Under the provisions of that section of the constitution the decisions of the district courts in causes appealed from justice's courts are final, "except in cases involving the

validity or constitutionality of a statute." We have therefore no power on appeal in such a case to determine whether or not the construction, which a district court has placed upon a statute, is erroneous. This is in harmony with the decisions of this court, interpreting the provisions of the constitution above mentioned. *Eureka City* v. *Wilson*, 15 Utah, 53; *City of Ogden* v. *Crossman*, 53 Pac. Rep. 985.

The motion must be sustained, and the appeal dismissed, with costs against the appellant. It is so ordered.

MINER, J. and BASKIN, J., concur.

Rehearing denied.