(No. 12861.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* KNUT R. BEAK, Plaintiff in Error.

*Opinion filed February 18, 1920.*

1. MOTOR VEHICLES—*regulation of speed of motor vehicles is a salutary exercise of police power.* The regulation of the speed of motor vehicles to safeguard pedestrians and others using the streets and highways is a salutary exercise of the police power.

2. CONSTITUTIONAL LAW—*a statute creating an offense must be certain.* A statute creating an offense which was not a crime at common law must be sufficiently certain to show what the legislature intended to prohibit and punish.

3. SAME—*section 10 of the Motor Vehicle act is not invalid for uncertainty.* Section 10 of the Motor Vehicle act, making it an offense to drive upon the public highways above a reasonable rate of speed, and which defines, in terms of miles per hour, what shall be deemed *prima facie* an unreasonable rate on particular kinds of highways described, is not subject to the constitutional objection that it is not sufficiently definite as to what constitutes the offense.

4. SAME—*defendant cannot question provisions of statute which do not apply to his case.* A defendant who is charged with the violation of a statute cannot be heard to question the constitutionality of provisions of the act which do not apply to his case.

5. CRIMINAL LAW—*misnomer in information must be pleaded in abatement.* A misnomer of the defendant in an indictment or information must be pleaded in abatement before the plea of not guilty, and the question cannot be raised for the first time by an assignment of errors in the Supreme Court.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.

H. C. LUST, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and EDWARD C. FITCH, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff in error was convicted in the municipal court of Chicago for violating section 10 of the State Motor Vehicle act and fined $25. The alleged violation occurred upon a public highway in the city of Chicago within the jurisdiction of the Lincoln Park Commissioners. From the judgment of the municipal court this writ of error was sued out direct to this court on the ground that said act is unconstitutional.

A motorcycle officer testified that while he was standing on a side street near Sheridan road, in Chicago, watching for speeders on the morning of April 26, 1919, he saw plaintiff in error driving a car south on Sheridan road at the rate of thirty-five miles per hour, and that while going five blocks Beak passed six cars going in the same direction. Plaintiff in error testified that on the morning of his arrest he had passed two motor buses that were smoking badly; that there was no traffic coming north, and as soon as he passed these buses he slowed down from the speed he had been going past them, which was about twenty-five miles an hour, as shown by his speedometer; that he had the car under control and his brakes were in good shape.

Section 10, the constitutionality of which is here raised, reads as follows: "No person shall drive a motor vehicle or motor bicycle upon any public highway in this State at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person. If the rate of speed of any motor vehicle or motor bicycle operated upon any public highway in this State where the same passes through the closely built-up business

portions of any incorporated city, town or village exceeds ten (10) miles an hour or if the rate of speed of any motor vehicle or motor bicycle operated on any public highway in this State where the same passes through the residence portions of any incorporated city, town or village exceeds fifteen (15) miles an hour or if the rate of speed of any motor vehicle or motor bicycle operated on any public highway in this State outside the closely built-up residence portions and the residence portions within any incorporated city, town or village exceeds twenty (20) miles an hour or upon any public highway outside of the limits of an incorporated city, town or village if the rate of speed exceeds twenty-five (25) miles per hour, such rates of speed shall be *prima facie* evidence that the person operating such motor vehicle or motor bicycle is running at a rate of speed greater than is reasonable and proper having regard to the traffic and use of the way or so as to endanger the life or limb or injure the property of any person. If the rate of speed of a motor vehicle or motor bicycle operated on any public highway in this State in going around a corner or curve in a highway where the operator's view of the road traffic is obstructed exceeds six (6) miles an hour, such rate of speed shall be *prima facie* evidence that the person operating such motor vehicle or motor bicycle is running at a rate of speed greater than is reasonable having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person." (Hurd's Stat. 1917, p. 2573.)

The presumption is always in favor of the constitutionality of a statute. (*People* v. *Stokes,* 281 Ill. 159; *People* v. *Henning Co.* 260 id. 554.) The State Motor Vehicle act has been held constitutional in certain aspects by this court. (*People* v. *Sargent,* 254 Ill. 514; *People* v. *Fernow,* 286 id. 627; *People* v. *Johnson,* 288 id. 442.) The regulation of the speed of motor vehicles to safeguard pedestrians and others using the streets and highways is a salu-

tary exercise of the police power. The Motor Vehicle act plainly states the highest rate of speed at which one may ordinarily drive in certain classifications of localities, the use of a greater speed being *prima facie* evidence of an unreasonable rate, which would render the person guilty of speeding.

There can be no question that counsel for plaintiff in error is right in arguing that in creating an offense by a statute which was not a crime at common law such statute must be sufficiently certain to show what the legislature intended to prohibit and punish, otherwise it will be void for uncertainty. (16 Corpus Juris, 67.) If the law is of such doubtful construction and describes the act denominated as a crime in terms so general and indeterminate as to make the question of criminality dependent upon the opinions of the individuals who may happen to constitute the court and jury, and of such a nature that honest and intelligent men are unable to ascertain what particular act is condemned by the State, the law is incapable of enforcement and will be held to be null and void. (*Hayes v. State,* 11 Ga. App. 371.) The dividing line between what is lawful and what is unlawful cannot be left to conjecture. (*United States v. Capital Traction Co.* 19 Ann. Cas. 68.) This law, however, the constitutionality of which is questioned, does not leave to conjecture when the statute is violated. If the only provision of section 10 were its first sentence there might be some merit in the argument of counsel that the construction of the statute is subject to conjecture. The section further provides the exact speed, which if exceeded in various classifications of localities shall be *prima facie* evidence of a violation of the law, and the evidence of plaintiff in error himself clearly indicates that he was violating the provisions of the statute as to the speed at which he was traveling at and just before the time he was arrested by the officer. Plaintiff in error not being aggrieved by the parts of the act which his counsel argues are void, cannot

be heard to complain of the provisions which are not so indefinite as to be subject to criticism. (*Public Utilities Com.* v. *Chicago and West Towns Railway Co.* 275 Ill. 555.) It appears from the evidence that the place where plaintiff in error was driving when arrested was in a closely built-up residence district of the kind in which the statute clearly provides the speed should not be over fifteen miles per hour. He himself admits that he was traveling twenty-five miles per hour, while the evidence in behalf of the State was that he was traveling thirty-five miles. The statute is sufficiently clear on the actual questions involved to inform anyone what the legislature intended to prohibit and punish. The fact that drivers of certain other automobiles were going faster than fifteen miles per hour without being arrested would not justify plaintiff in error in traveling at the rate of twenty-five miles per hour. The statute is not invalid for the reasons urged.

Counsel for plaintiff in error also argues that the case should be reversed because the information on which he was tried gave his name as "Knut Beak" and not "Kurt R. Beak," as his name really is. This question was not raised in the lower court. It seems to have been raised for the first time by an assignment of errors in this court. "A misnomer of the defendant in an indictment or information may, and must, be pleaded in abatement." (12 Cyc. 359.) "Such a plea must always precede the plea of not guilty, because a plea of not guilty waives all precedent irregularities." 8 R. C. L. 113; 16 Corpus Juris, 1260; *Davids* v. *People,* 192 Ill. 176.

The judgment of the municipal court must be affirmed.

*Judgment affirmed.*