The STATE of Utah, Plaintiff
and Respondent,

v.

John Wesley PILCHER, Defendant
and Appellant.

No. 17312.

Supreme Court of Utah.

Sept. 1, 1981.

Grant M. Prisbrey, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Craig L. Barlow, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

The Fourth District Court, sitting without a jury, convicted the defendant of speeding in violation of § 41–6–46, Utah Code Ann. (1953), as amended. His trial in the district court was a *de novo* review, pursuant to § 78–3–5,[1] of his justice of the peace court conviction. He attacks the constitutionality of § 41–6–46. This Court has jurisdiction of the appeal pursuant to Art. VIII, § 9 of the Utah Constitution.[2] *Vernal City v. Critton*, Utah, 565 P.2d 408 (1977); *Eureka City v. Wilson*, 15 Utah 53, 48 P. 41 (1897), *aff'd*, 173 U.S. 32, 19 S.Ct. 317, 43 L.Ed. 603 (1899).

Defendant raises several points on appeal, but the only one cognizable under the authority cited above is defendant's contention that § 41–6–46 (Supp.1979) is void for vagueness.[3] That provision states:

(1) No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. Consistent with the fore-

1. That section states, in pertinent part:

Appeals shall lie from the final judgments of justices of the peace in civil and criminal cases to the district courts, on both questions of law and fact, with such limitations and restrictions as are or may be provided by law; and the decisions of the district courts on such appeal shall be final, except in cases involving a constitutional issue of substance . . . .

2. That constitutional provision provides, in pertinent part:

\* \* \* \* \* \*

Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; and the decision of the District Court on such appeal shall be final, except in cases involving the validity or constitutionality of a statute.

See Utah Code Ann. § 78–3–5 (Supp.1981), § 78–4–11 (Supp.1981), § 78–5–14, U.R.C.P. 72(a).

3. We note defendant's contention that "[i]f a defendant is not allowed to present evidence as to road conditions and comparable factors then he is denied due process." However, defendant was allowed to present evidence to rebut the prima facie evidence as to the unreasonableness of his speed by cross-examination of the prosecution witness and by his testimony given in his own defense.

The statute, the pertinent portions of which are in the main text, appears to allow as much. Subsection (2) establishes *prima facie* evidence of unreasonable speed when that speed is exceeded. Subsection (1) prohibits "speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing" without regard to posted speed limits. See *State v. Trimming*, 89 Idaho 440, 406 P.2d 118 (1965).

going, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hillcrest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

(2) Where no special hazard exists the following speeds shall be lawful but any speed in excess of said limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

(a) Twenty miles per hour.

When passing a school building or the grounds thereof during school recess or while children are going to or leaving school during opening or closing hours; provided, that local authorities may require a complete stop before passing a school building or grounds at any of said periods.

(b) Twenty-five miles per hour in any urban district.

(c) Fifty-five miles per hour in other locations.

 A statute is not unconstitutionally vague if it is sufficiently explicit to inform the ordinary reader what conduct is prohibited. *Trade Commission v. Skaggs Drug Center, Inc.,* 21 Utah 2d 431, 446 P.2d 958 (1968); *State v. Packard,* 122 Utah 369, 250 P.2d 561 (1952); *State v. Musser,* 118 Utah 537, 223 P.2d 193 (1950). The statute need only be as definite and certain as the subject matter permits. Section 41–6–46 establishes speed limits within which an automobile may be operated: at a reasonable and prudent speed when any actual or potential hazard exists, and when no hazard exists, at a speed reasonable and prudent under the circumstances, with 20, 25, and 55 miles per hour being prima facie evidence of what is reasonable and prudent. Every driver knows that automobile speed may be dangerous to occupants, property, and other highway users under certain circumstances. The statutory language describes, as best as

the subject matter permits, the test used to assess the driver's conduct. It is, therefore, no abridgement of appellant's constitutional rights.

Several states have also found the vagueness attack insufficient to invalidate statutes similar to § 41–6–46. See, e. g., *State v. Rich,* 115 Ariz.App. 119, 563 P.2d 918 (1977); *Gano v. State,* Tex.Cr.App., 466 S.W.2d 730 (1971); *State v. Coppes,* 247 Iowa 1057, 78 N.W.2d 10 (1956); *Commonwealth v. Klick,* 164 Pa.Super. 449, 65 A.2d 440 (1949); *State v. Magaha,* 182 Md. 122, 32 A.2d 477 (1943); *Gallaher v. State,* 193 Ind. 629, 141 N.E. 347, 29 A.L.R. 1059 (1923); *Mulkern v. State,* 176 Wis. 490, 187 N.W. 190 (1922); *Ex parte Daniels,* 183 Cal. 636, 192 P. 442 (1920); *State v. Beak,* 291 Ill. 449, 126 N.E. 201 (1920); *State v. Goldstone,* 144 Minn. 405, 175 N.W. 892 (1920); *State v. Schaeffer,* 96 Ohio St. 215, 117 N.E. 220 (1917); *contra, Howard v. State,* 151 Ga. 845, 108 S.E. 513 (1921).

The reasoning of the court in *People v. Pupillo,* 37 Misc.2d 455, 235 N.Y.S.2d 522, 525 (1962), provides an adequate explanation:

The statute requires that the operator of a car shall not proceed at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. This test can be applied in evaluating the act or acts or omission to act under conditions that are actual and potential hazards at certain speeds. It is always a question of fact to be determined on all the evidence before the Court [whether] or not the case comes within the purview of the statute. Every person knows that under certain conditions the speed of a car can be dangerous and hazardous to the occupant and others using the public highway or property adjoining the same. The statute as worded is an adequate standard by which a driver's conduct can be tested and is, therefore, held to be no abridgement of . . . constitutional rights
. . . .

We agree with the reasoning of the majority of courts addressing the issue and

hold that § 41–6–46 is not unconstitutionally vague. The judgment is affirmed.

HALL, C. J., HOWE and OAKS, JJ., and J. ALLAN CROCKETT, Retired Justice, concur.

MAUGHAN, J., did not participate herein; CROCKETT, Retired Justice, sat.