**STATE of Utah, Plaintiff and Respondent,**

v.

**Severin Lawrence MUNGER, Defendant and Appellant.**

**No. 17703.**

Supreme Court of Utah.

Feb. 17, 1982.

Severin Lawrence Munger, pro se.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

Appellant seeks review by this Court of a conviction in district court after appeal from the justice court and a trial *de novo.* His *pro se* arguments appear to be, first, that Section 41–6–46, U.C.A. (1953)[1] is in-

---

2. *Martinez v. Board of Review*, 25 Utah 2d 131, 477 P.2d 587 (1970).

3. See *Mineer v. Board of Review*, Utah, 572 P.2d 1364 (1977).

1. Providing for prima facie speed limits.

valid on its face by reason of vagueness and, second, that the trial judge in district court erroneously construed the statute as creating an irrebutable presumption of guilt based on the statutory speed limits. This Court's recent decision in *State v. Pilcher*[2] determined that the statute is not unconstitutionally vague but is sufficiently explicit to inform the ordinary reader what conduct is prohibited.

■ Appellant's second point, that the court below applied the statute to him in an erroneous fashion, cannot be reviewed by this Court. Article VIII, Section 9 of the Constitution of Utah, provides in pertinent part as follows:

> ... Appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the District Courts on both questions of law and fact, with such limitations and restrictions as shall be provided by law; *and the decision of the District Courts on such appeals shall be final except in cases involving the validity or constitutionality of a statute.* [Emphasis added.]

While the language of Section 78–3–5, U.C.A. (1953) appears somewhat broader in referring to an exception for "cases involving a constitutional issue," the more narrowly drawn restrictions of Article VIII, Section 9 are controlling. The rule set forth in *State v. Olsen*,[3] interpreting that Section of the Constitution, is still applicable:

> ... The alleged error relates solely to construction, and therefore, however erroneous the interpretation of that court may be, it confers no right of appeal, because it does not fall within the exception contained in Sec. 9, Art. 8, Const.

Therefore, it appears that this Court has no jurisdiction to review the application of the statute to appellant by the trial court. There is jurisdiction on the vagueness issue, but our ruling in *State v. Pilcher, supra,* is controlling on the question of the validity of the law. Consequently, appellant's con-

viction in the district court must be affirmed solely as to the latter ground.

HALL, C. J., and STEWART, OAKS, and HOWE, JJ., concur.

**2.** Utah, 636 P.2d 470 (1981).

**3.** 18 Utah 484, 485, 56 P. 22 (1899).