**STATE of Utah, Plaintiff and Respondent,**

v.

**Tommy THEOBALD, Defendant and Appellant.**

No. 17927.

Supreme Court of Utah.

March 18, 1982.

Dexter L. Anderson, Fillmore, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of "interfering with a public servant," in violation of U.C.A., 1953, 76–8–301.

Defendant was stopped at a roadblock near Hinckley, Utah, at a location where the Highway Patrol frequently sets up roadblocks to check trucks. Deputy Sheriff Chuck Stewart asked defendant to produce his driver's license and vehicle registration. Defendant said that he had been stopped

earlier in the day and angrily asked why he had to keep going through the process. Stewart repeated his request and finally defendant flashed the documents, not giving Stewart adequate time to see them. Stewart asked to see them again, and when defendant refused, defendant was ordered out of the truck. Defendant got out and, clenching his fists, made threatening moves toward Stewart. Two other officers were called and defendant was handcuffed and arrested.

Defendant was charged with failing to display his driver's license [1] and interfering with a public servant.[2] At trial in justice court, defendant produced a valid driver's license and the first-named offense was dismissed. Defendant was found guilty, however, of interfering with a public servant. Defendant appealed the matter to the district court which, after a trial *de novo*, reached the same results at the justice court.

On appeal to this Court of his conviction of interfering with a public servant, defendant alleges as follows: (1) because the "interference" charge was based on the "failure to display" charge, his acquittal of the latter bars prosecution of the former under the single criminal episode statute;[3] and (2) the statute under which he was charged and convicted is unconstitutionally vague.

 Inasmuch as the first contention does not challenge the validity or constitutionality of a statute and the matter was already appealed to the district court,[4] we are without jurisdiction to hear it.[5]

We do, however, have jurisdiction to hear the challenge to the statute's constitutionality. Basically, the contention is that the Court's analysis in *State v. Bradshaw*, Utah, 541 P.2d 800 (1975) applied. In that case, we struck down U.C.A., 1953, 76–8–305

which made it unlawful to interfere with a law enforcement official seeking to effect an arrest, regardless of whether there was a legal basis for the arrest. We held that the statute was unconstitutionally vague.

 The statute which is challenged here does not suffer from the infirmities mentioned in *Bradshaw*. A statute is not unconstitutionally vague if it is sufficiently explicit to inform the ordinary reader what conduct is prohibited.[6] This statute specifically defines the proscribed conduct as "force, violence, intimidation, or ... other unlawful act [which interferes] with a public servant performing or purporting to perform an official function."

Defendant's conviction is therefore affirmed.

---

1. In violation of U.C.A., 1953, 41–2–15.

2. In violation of U.C.A., 1953, 76–8–301.

3. U.C.A., 1953, 76–1–402.

4. Article 8, Sec. 9 of the Utah Constitution provides that appeals shall lie from the final judgment of justices of peace to district courts on both questions of law and fact, "and the decision of the district court on such appeals shall be final, except in cases involving the validity or constitutionality of a statute."

5. *State v. Munger*, Utah, 642 P.2d 721 (1982).

6. *State v. Pilcher*, Utah, 636 P.2d 470 (1981).