**WEST VALLEY CITY, Plaintiff and Appellee,**

v.

**Dennis STREETER, Defendant and Appellant.**

No. 920349–CA.

Court of Appeals of Utah.

March 11, 1993.

Jerrald D. Conder, West Valley City, for defendant and appellant.

Paul T. Morris and J. Richard Catten, West Valley City, for plaintiff and appellee.

Before RUSSON, Associate P.J., and GREENWOOD and JACKSON, JJ.

RUSSON, Associate Presiding Judge:

Dennis Streeter appeals his convictions of two counts of cruelty to animals, each a class B misdemeanor, in violation of West Valley City Municipal Code § 23–5–104(8)(a) (1985). We affirm.

FACTS

The facts are undisputed. On May 27, 1990, West Valley City police officers stopped Streeter's vehicle on suspicion of his driving while under the influence. Upon approaching the vehicle, the officers

noticed six rooster chickens inside. In response to the officers' inquiry about the chickens, Streeter explained that he was returning from Arizona where he had engaged the chickens in cockfighting.

Subsequently, Streeter was charged with seven counts of cruelty to animals in violation of West Valley City Municipal Code § 23–5–104(8)(a) (1985).[1] Streeter filed a motion to dismiss, claiming that section 23–5–104(8)(a) was unconstitutional. The motion was denied. His motion to reconsider was likewise denied.

Streeter waived his right to trial and pleaded guilty to two counts of cruelty to animals, conditional upon preserving his right to appeal the trial court's denial of his motion to dismiss. *See State v. Sery,* 758 P.2d 935, 938 (Utah App.1988).

On appeal, Streeter claims the trial court erred in denying his motion to dismiss. Specifically, he challenges the trial court's conclusions that: (1) West Valley City Municipal Code § 23–5–104(8)(a) (1985) did not exceed the statutory authority granted West Valley City under Utah Code Ann. § 10–8–84 (1992), and therefore did not unconstitutionally conflict with state law; (2) section 23–5–104(8)(a) was not unconstitutionally vague or overbroad in violation of the Fourteenth Amendment to the United States Constitution and article I, section 7 of the Utah Constitution; (3) section 23–5–104(8)(a) was not federally preempted by 7 U.S.C.A. § 2156 (1988); and (4) section 23–5–104(8)(a) was not an unconstitutional restriction on Streeter's right to own and possess property in violation of article I, section 1 of the Utah Constitution.

## STANDARD OF REVIEW

A trial court's denial of a motion to dismiss based upon its conclusion that the challenged statute is constitutionally valid presents a question of law. Accordingly,

we review that decision under a correction-of-error standard, granting no particular deference to the trial court. *See State v. Brooks,* 833 P.2d 362, 363–64 (Utah App. 1992).

## STATUTORY GRANT OF AUTHORITY

Streeter argues that West Valley City Municipal Code § 23–5–104(8)(a) (1985) exceeds the statutory authority granted the city under the general welfare clause of Utah Code Ann. § 10–8–84 (1992), and is, therefore, unconstitutional because it conflicts with that section. Utah Code Ann. § 10–8–84 (1992) provides:

> [Cities] may pass all ordinances and rules, and make all regulations, not repugnant to law, necessary for carrying into effect or discharging all powers and duties conferred by this chapter, and as are necessary and proper to provide for the safety and preserve the health, and promote the prosperity, improve the morals, peace and good order, comfort, and convenience of the city and its inhabitants, and for the protection of property in the city; and may enforce obedience to the ordinances with fines or penalties as they may deem proper
>
> . . . .

In a case involving a challenge to an ordinance prohibiting the keeping or use of a game cock for the purpose of fighting, or presence as a spectator at such fighting, the Utah Supreme Court stated:

> It is elementary that the governing authority in the exercise of its police power has both the prerogative and the responsibility of enacting laws which will promote and conserve the health, safety, morals and general welfare of society. The question is whether this ordinance is properly regarded as regulatory of morals. What constitutes morals is whatever conduct, customs and attitudes are generally accepted and approved at the

1. West Valley City Municipal Code § 23–5–104(8)(a) (1985) states:

   It shall be unlawful for any person or corporation to raise, keep or use any animal, fowl or bird for the purposes of fighting or baiting; and for any person to be a party to or be present as a spectator at any such fighting or baiting of any animal or fowl; and for any person, firm or corporation to knowingly rent any building, shed, room, yard, ground or premises for any such purposes as aforesaid, or to knowingly suffer or permit the use of his buildings, sheds, rooms, yards, grounds or premises for the purposes aforesaid.

time in the particular culture. It is therefore essential to consider whether cock fighting can be regarded as merely an innocent diversion, as plaintiff's argument seems to suggest, or is itself an evil which may be condemned by law. *Peck v. Dunn*, 574 P.2d 367, 368 (Utah 1978) (footnote omitted), *cert. denied*, 436 U.S. 927, 98 S.Ct. 2822, 56 L.Ed.2d 770 (1978). In determining that the conduct proscribed by the ordinance was properly regarded as regulatory of morals, the court stated:

> Whatever one's personal views may be of such matters, the legislative authority of our state has determined as a matter of public policy that [keeping or using a game cock for the purpose of fighting or presence as a spectator at such fighting] is so involved in public morals and welfare that it has made cruelty to animals a crime and included therein the causing of one animal to fight with another.... The county ordinance in question is in harmony with and does not extend the concept determined as the public policy of our state by the statute referred to. In consequence of what we have said above, we are in agreement with the expression of respected authorities that legislation against such practices as the fighting of animals is justified for the purpose of regulating morals and promoting the good order and general welfare of society.

*Id.* at 369 (footnotes omitted).

Based on the reasoning in *Peck*, we conclude that the proscriptions under West Valley City Municipal Code § 23–5–104(8)(a) (1985) forbidding the raising or keeping of animals for the purpose of fighting do not exceed the statutory authority granted West Valley City under Utah Code Ann. § 10–8–84 (1992). Rather, we determine that the ordinance is in harmony with that grant of authority to the extent that it regulates morals and promotes the general welfare of society. *See*

*Peck*, 574 P.2d at 369. Therefore, the trial court did not err in denying Streeter's motion to dismiss on that basis.[2]

## VAGUENESS

Streeter argues that West Valley City Municipal Code § 23–5–104(8)(a) (1985) is unconstitutionally vague in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and article I, section 7 of the Utah Constitution. West Valley City responds that section 23–5–104(8)(a) is not void for vagueness.

The United States Supreme Court has stated:

> It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to " 'steer far wider of the unlawful zone' ... than if the boundaries of the forbidden areas were clearly marked."

**2.** The proscriptions contained in section 23–5–104(8)(a) are not only in harmony with the Legislature's grant of authority to cities under the general welfare clause, but are also consistent with other specific grants of authority under Title 10 of the Utah Code. First, Utah Code Ann. § 10–8–47 (1992) specifically grants cities the authority to prohibit cockfights. Further, Utah Code Ann. § 10–8–59 (1992) grants cities the authority to prohibit cruelty to animals.

*Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972) (footnotes omitted).

The Utah Supreme Court has echoed the principles set forth in *Grayned:*

> Vagueness questions are essentially procedural due process issues, i.e., whether the statute adequately notices the proscribed conduct. In *State v. Theobald,* we held that "[a] statute is not unconstitutionally vague if it is sufficiently explicit to inform the ordinary reader what conduct is prohibited."

*State v. Frampton,* 737 P.2d 183, 191–92 (Utah 1987) (quoting *State v. Theobald,* 645 P.2d 50, 51 (Utah 1982) (citation omitted)) (footnote omitted).

■ In the present case, West Valley City Municipal Code § 23–5–104(8)(a) (1985) explicitly states that it is unlawful for "any person or corporation to raise, keep or use any animal, fowl or bird for the purposes of fighting or baiting...." Such language clearly provides adequate notice to the ordinary reader that conduct such as Streeter's is prohibited by the ordinance. Therefore, the trial court did not err in concluding that section 23–5–104(8)(a) is not unconstitutionally vague as to violate Streeter's due process rights under the Fourteenth Amendment to the United States Constitution and article I, section 7 of the Utah Constitution.[3]

## OVERBREADTH

■ Streeter claims that West Valley City Municipal Code § 23–5–104(8)(a) (1985) is unconstitutionally overbroad. Specifically, he argues that section 23–5–104(8)(a) proscribes lawful conduct such as "the simple possession of the game birds in West Valley City, which may be utilized for legal and legitimate activities in foreign jurisdic-

tions." West Valley City responds that section 23–5–104(8)(a) is not unconstitutionally overbroad because it does not impinge on any constitutionally protected conduct. We agree.

The United States Supreme Court has held in regard to an overbreadth challenge to a law that "a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982) (footnote omitted); *see also Grayned v. City of Rockford,* 408 U.S. 104, 114, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222 (1972) (clear and precise enactment may nevertheless be overbroad if it prohibits constitutionally protected conduct).

The Utah Supreme Court has stated:

> Statutory overbreadth ... is a substantive due process question which addresses the issue of whether "the statute in question is so broad that it may not only prohibit unprotected behavior but may also prohibit constitutionally protected activity as well."

*State v. Frampton,* 737 P.2d 183, 192 (Utah 1987) (quoting *City of Everett v. Moore,* 37 Wash.App. 862, 864, 683 P.2d 617, 618 (1984)).

The ordinance at issue in this case is clear and unambiguous. It is narrowly drawn and specifically prohibits the raising, keeping or using of any animal, fowl or bird for the purposes of fighting or baiting. Streeter fails to articulate, and we are unable to find, any provision in the United States Constitution or the Utah Constitution which protects such activities. *See id.* Accordingly, Streeter's overbreadth challenge fails.

---

**3.** Streeter also argues that section 23–5–104(8)(a) is vague because "a person who unknowingly possesses fowl or birds which could be used for fighting or baiting or which may be sold in a state where fighting or baiting is legal would be punished under [that section]." However, since those facts are not before us, we need not consider this argument. The United States Supreme Court has held that "[a] plaintiff who engages in some conduct that is clearly

proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982) (footnote omitted). Here, since Streeter's conduct was plainly proscribed under section 23–5–104(8)(a), as Streeter himself acknowledged below, he cannot challenge that ordinance's hypothetical application to others.

PREEMPTION

Streeter argues that West Valley City Municipal Code § 23–5–104(8)(a) (1985) conflicts with 7 U.S.C.A. § 2156 (1988), and is therefore preempted by that federal statute. The pertinent provision of that act states:

(a) Sponsoring or exhibiting animal in any fighting venture

It shall be unlawful for any person to knowingly sponsor or exhibit an animal in any animal fighting venture to which any animal was moved in interstate or foreign commerce.

(b) Buying, selling, delivering, or transporting animals for participation in animal fighting venture

It shall be unlawful for any person to knowingly sell, buy, transport, or deliver to another person or receive from another person for purposes of transportation, in interstate or foreign commerce, any dog or other animal for purposes of having the dog or other animal participate in an animal fighting venture.

(c) Use of Postal Service or other interstate instrumentality for promoting or furthering animal fighting venture

It shall be unlawful for any person to knowingly use the mail service of the United States Postal Service or any interstate instrumentality for purposes of promoting or in any other manner furthering an animal fighting venture except as performed outside the limits of the States of the United States.

(d) Violation of State law

*Notwithstanding the provisions of subsections (a), (b), or (c) of this section, the activities prohibited by such subsections shall be unlawful with respect to fighting ventures involving live birds only if the fight is to take place in a State where it would be in violation of the laws thereof.*

7 U.S.C.A. § 2156 (1988) (emphasis added).

▮ Streeter claims that under subsection (d) of that section, Congress has explicitly or implicitly created a right to travel for the purpose of selling, breeding, or fighting live birds where the sport of cockfighting is legal, and because the proscrip-

tions under West Valley City Municipal Code § 23–5–104(8)(a) (1985) conflict with that subsection, section 23–5–104(8)(a) is preempted by the federal statute. Such argument is without merit.

The United States Supreme Court stated in *California Fed. Sav. and Loan Ass'n v. Guerra*, 479 U.S. 272, 107 S.Ct. 683, 93 L.Ed.2d 613 (1987) that "preemption [of state law by federal law] is not to be lightly presumed." *Id.*, 479 U.S. at 281, 107 S.Ct. at 689 (citing *Maryland v. Louisiana*, 451 U.S. 725, 746, 101 S.Ct. 2114, 2128, 68 L.Ed.2d 576 (1981)). "[T]he question whether a certain state action is preempted by federal law is one of congressional intent. 'The purpose of Congress is the ultimate touchstone.'" *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137–38, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990) (quoting *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 208, 105 S.Ct. 1904, 1909, 85 L.Ed.2d 206 (1985) (internal quotation omitted) (quoting *Malone v. White Motor Corp.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 1189–90, 55 L.Ed.2d 443 (1978))). "To discern Congress' intent we examine the explicit statutory language and the structure and purpose of the statute." *Id.*, 498 U.S. at 138, 111 S.Ct. at 482 (citation omitted).

Subsection (h) of 7 U.S.C.A. § 2156 (1988) explicitly states Congress's intent with respect to the preemption of municipal ordinances in this area:

(h) Conflict with State law

The provisions of this chapter shall not supersede or otherwise invalidate any such State, local, or municipal legislation or ordinance relating to animal fighting ventures *except in case of a direct and irreconcilable conflict between any requirements thereunder and this chapter of any rule, regulation, or standard hereunder.*

7 U.S.C.A. § 2156(h) (1988) (emphasis added).

In the case at bar, there is nothing in the language of 7 U.S.C.A. § 2156(d) (1988) which explicitly or implicitly reflects Congress's intent to create an absolute right to transport birds for the purpose of cock-

fighting as to preempt the proscriptions under state or local laws such as West Valley City Municipal Code § 23–5–104(8)(a) (1985). Rather, subsection (d) merely prohibits the transportation of animals in interstate commerce for the purposes of fighting unless such activity is legal in the destination state. It does not prevent the destination state from enacting laws proscribing such activities, nor does it preclude the state of origination from enacting laws prohibiting the keeping, raising or using of animals for such activities. Accordingly, there is no "direct and irreconcilable conflict" between 7 U.S.C.A. § 2156 (1988) and section 23–5–104(8)(a); rather, these two laws complement each other and further the legislative purpose of restricting or prohibiting animal fighting ventures. Therefore, the trial court did not err in concluding that West Valley City Municipal Code § 23–5–104(8)(a) (1985) is not preempted by 7 U.S.C.A. § 2156 (1988).

### RIGHT TO POSSESS PROPERTY

 Streeter argues that West Valley City Municipal Code § 23–5–104(8)(a) (1985) violates his right to own and possess property in violation of article I, section 1 of the Utah Constitution.[4] We disagree.

In construing article I, section 1 of the Utah Constitution, the Utah Supreme Court has held that "[a]ll the constitutional provisions ... respecting the rights of acquiring, possessing, and protecting property, in whatever terms expressed, must nevertheless be construed and applied in connection with the police power of the state...." *State v. Briggs*, 46 Utah 288, 146 P. 261, 262 (1915). As noted above, the Utah Supreme Court has previously determined that "legislation against such practices as the fighting of animals is justified for the purpose of regulating morals and promoting the good order and general welfare of society." *Peck v. Dunn*, 574 P.2d 367, 369 (Utah 1978) (footnote omitted), *cert. denied*, 436 U.S. 927, 98 S.Ct. 2822, 56 L.Ed.2d 770 (1978). Accordingly, West Valley City Municipal Code § 23–5–

104(8)(a) (1985), which proscribes the raising and keeping of birds for that purpose, is likewise a legitimate exercise of the city's police power, and when applied in connection with that power, does not violate article I, section 1 of the Utah Constitution.

### CONCLUSION

The trial court did not err in concluding that West Valley City Municipal Code § 23–5–104(8)(a) (1985) was constitutional under the United States Constitution and the Utah Constitution, and was not preempted by 7 U.S.C.A. § 2156 (1988). Therefore, the trial court properly denied Streeter's motion to dismiss. Accordingly, Streeter's convictions are affirmed.

GREENWOOD and JACKSON, JJ., concur.

---

4. Article I, section 1 of the Utah Constitution provides, in pertinent part: "All men have the inherent and inalienable right ... to acquire, possess and protect property...."