**STATE of Utah, Plaintiff and Appellee,**

v.

**Sally Ann HALL, Defendant and Appellant.**

**No. 910729–CA.**

Court of Appeals of Utah.

Oct. 26, 1995.

Margaret P. Lindsay, Provo, for Appellant.

J. Kevin Murphy and Jan Graham, Salt Lake City, and James R. Taylor, Provo, for Appellee.

Before ORME, BENCH and WILKINS, JJ.

## OPINION

PER CURIAM:

Hall appeals from an order denying her motion to dismiss. We affirm.

## BACKGROUND

On January 12 and 30, and February 2, 5, and 6, 1991, Hall held meetings to solicit persons to join Family Star, a business she had recently formed. During these meetings, Hall told potential members that they could enter the business by paying $19.95 and recruiting five more people to pay the same. Those five would, in turn, sign up five more people and so on. Family Star consisted of five levels of compensation. To advance from one level to the next level, a member had to bring in 30, 75, 112, and 150 new members, respectively. At each level, a member's compensation would increase. Recruits were also told that as they advanced to higher levels in the business, they could receive "products." Hall did not discuss the products at the early meetings and only later identified the products as travel packages, health care products, computers, and a shopping network. Hall gave no specific details about the products, as they were still being "lined-up."

As a result of these meetings, which were attended by State investigators, Hall was charged with five counts of promoting a business in violation of Utah's Pyramid Scheme Act. Utah Code Ann. §§ 76–6a–1 to –6 (1995). A jury trial was held on August 19–20, 1991. After the State rested, Hall moved to dismiss on the grounds that the State had failed to present sufficient evidence to meet its burden and that the Pyramid Scheme Act is unconstitutional. The trial court took the matter under advisement. The jury then convicted Hall on all counts. Approximately two months later, at sentencing, the trial court denied Hall's motion to dismiss.

## ISSUE

The sole issue on appeal is whether Utah's "Pyramid Scheme Act" (the "Act"), codified at Utah Code Ann. §§ 76–6a–1 to –6 (1995), is unconstitutionally vague and overbroad.

## STANDARD OF REVIEW

Because a determination regarding the constitutionality of a statute is a question of law, we review the trial court's decision for correctness. *See Mountain Fuel Supply Co. v. Salt Lake City Corp.*, 752 P.2d 884, 887 (Utah 1988). Moreover, a statute "is presumed valid, and we resolve any reasonable doubts in favor of constitutionality." *Society of Separationists, Inc. v. Whitehead,* 870 P.2d 916, 920 (Utah 1993).

## ANALYSIS

"Vagueness questions are essentially procedural due process issues, i.e., whether the statute adequately notices the proscribed conduct." *State v. Frampton,* 737 P.2d 183, 191–92 (Utah 1987) (citation omitted). Thus, "[a] statute is not unconstitutionally vague if it is sufficiently explicit to inform the ordinary reader what conduct is prohibited." *State v. Theobald,* 645 P.2d 50, 51 (Utah 1982) (per curiam) (citing *State v. Pilcher,* 636 P.2d 470 (Utah 1981)).

In this case, Utah Code Ann. § 76–6a–4(1) (1995) explicitly states that anyone "who knowingly organizes, establishes, promotes, or administers a pyramid scheme is guilty of a third degree felony." A "pyramid scheme" is specifically defined as "any sales device or plan under which a person gives consideration to another person in exchange for compensation or the right to receive compensation *which is derived primarily from the introduction of other persons into the sales device or plan* rather than from the sale of goods, services, or other property." *Id.* § 76–6a–2(4) (emphasis added). This language gives notice to the ordinary reader that conduct such as Hall's is prohibited by the Act. Therefore, the trial court was correct in rejecting Hall's vagueness argument.

Statutory overbreadth "is a substantive due process question which addresses the issue of whether 'the statute in question is so broad that it may not only prohibit unprotected behavior but may also prohibit constitutionally protected activity as well.'" *Frampton,* 737 P.2d at 192 (quoting *City of Everett v. Moore,* 37 Wash.App. 862, 683 P.2d 617, 618 (1984)). The Act is clear and unambiguous. It is narrowly drawn to prohibit schemes, such as Hall's, where a person's compensation is derived primarily from bringing others into the plan, and not from the sale of product. Hall fails to articulate any provision in either the Utah Constitution or the United States Constitution that protects such activity. Thus, the trial court correctly found Hall's overbreadth claim to be without merit.

## CONCLUSION

The trial court properly rejected Hall's claims. Accordingly, we affirm her convictions.

ORME, P.J., and BENCH and WILKINS, JJ., concur.