2008 UT App 337

**KANAB CITY, Plaintiff and Appellee,**

v.

**Jeff POPOWICH, Defendant and Appellant.**

No. 20070768–CA.

Court of Appeals of Utah.

Sept. 18, 2008.

Aric Cramer, St. George, for appellant.

Jody K. Burnett, Salt Lake City, and Van Mackelprang, Kanab, for appellee.

Before Judges THORNE, BENCH, and McHUGH.

BENCH, Judge:

¶ 1 Defendant Jeff Popowich appeals the decision of the district court finding him guilty on four counts of failing to maintain a city dog license and one count of running an illegal kennel, all violations of the Kanab City

Code. We affirm because Defendant's sufficiency of the evidence claim is not properly before us and the kennel permit ordinance is not unconstitutionally vague as applied to Defendant.

## BACKGROUND

¶ 2 In December 2005, a Kanab City animal control officer (the Officer) responded to numerous complaints of barking dogs at Defendant's residence. The Officer observed four dogs over the age of three months on the premises during two separate visits to Defendant's home that month. Subsequently, the Officer observed the same four dogs during random follow-up visits in January, February, March, and April of 2006. At no time during these observational visits was the Officer able to meet or speak with Defendant. The Officer observed the dogs from outside the home.

¶ 3 In both January and February of 2006, the Officer sent notices to every resident in Kanab reminding animal owners of their licensing responsibilities. The Officer subsequently placed a written warning on Defendant's door. This warning notified Defendant that he was facing violations for keeping too many dogs, thereby running an illegal kennel, and failing to license his dogs. Defendant was also given a specific time period within which he needed to comply with the city code. On April 13, 2006, the Officer issued Defendant a citation.

¶ 4 Defendant was convicted of failing to properly license his dogs (four counts) and running an illegal kennel (one count) in the Kanab City Justice Court. Defendant appealed to the district court, where he was given a trial de novo, and was again convicted. Defendant now appeals the decision of the district court.

## ISSUES AND STANDARD OF REVIEW

¶ 5 Defendant first claims that the district court erred by not granting his "motion to dismiss" at the close of the evidence offered by Kanab City (the City). The City counters by arguing that Defendant cannot challenge the court's findings in view of Defendant's failure to marshal the evidence. However, because this case began in justice court, our jurisdiction is limited by Utah Code section 78A–7–118. *See* Utah Code Ann. § 78A–7–118(7) (Supp.2008). We will therefore first examine the question of whether Defendant's sufficiency of the evidence claim is even properly before us.

¶ 6 Defendant also argues that the city ordinance on which his conviction for operating an illegal kennel is based is unconstitutionally vague. Constitutional challenges to statutes and ordinances present questions of law, which we review for correctness. *See Ross v. Schackel*, 920 P.2d 1159, 1162 (Utah 1996); *Salt Lake City v. Lopez*, 935 P.2d 1259, 1262 (Utah Ct.App.1997).

## ANALYSIS

### I. Sufficiency of the Evidence Claim

¶ 7 Defendant appeals the district court's decision to deny his motion for a directed verdict at the close of the City's case. Specifically, Defendant claims that the City failed to establish each element of the charged violations. Because Defendant was first convicted in justice court, our appellate jurisdiction is limited. In criminal cases originating in justice court, defendants may appeal to the district court, where they are "entitled to a trial de novo." Utah Code Ann. § 78A–7–118(1). "The decision of the district court is final and may not be appealed unless the district court rules on the constitutionality of a statute or ordinance." *Id.* § 78A–7–118(7).

¶ 8 Utah courts have interpreted this statute such that only issues challenging the constitutionality of statutes or ordinances may be appealed beyond the district court's trial de novo. *See City of Monticello v. Christensen*, 788 P.2d 513, 517 (Utah 1990) ("[T]his [c]ourt [has] repeatedly held that a person dissatisfied with a justice court decision could appeal that decision to a district court and that the district court decision was final unless the validity or constitutionality of a statute was at issue . . . ."); *State v. Hinson*, 966 P.2d 273, 277 (Utah Ct.App.1998) (stating that " 'conventional' appellate jurisdiction [over cases originating in the justice

courts] is limited to only those issues attacking the validity or constitutionality of an ordinance or statute").[1] This court recently ruled that when both constitutional and non-constitutional issues are raised in an appeal from the district court's trial de novo, we have limited jurisdiction to hear only the constitutional claim. *See Pleasant Grove City v. Orvis,* 2007 UT App 74, ¶ 5, 157 P.3d 355.

¶ 9 Here, Defendant's first argument on appeal attacks the district court's decision to deny his motion for a directed verdict because, as Defendant alleges, the evidence was insufficient. This argument does not challenge the constitutionality of the Kanab City ordinances under which Defendant was convicted. We therefore lack jurisdiction to consider the merits of Defendant's sufficiency of the evidence claim.

## II. Constitutionality of Kennel Permit Ordinance

¶ 10 Defendant claims that Kanab City Ordinance 13–200.04 (the Ordinance), specifically section 13–200.04.050 (the Inspection Clause), is unconstitutionally vague as applied to him. *See* Kanab City, Utah, Ordinance § 13–200.04 (2006). "In order to establish that the complained-of provisions are impermissibly vague, a defendant must demonstrate either (1) that the statutes do not provide 'the kind of notice that enables ordinary people to understand what conduct [is prohibited],' or (2) that the statutes 'encourage arbitrary and discriminatory enforcement.'" *State v. MacGuire,* 2004 UT 4, ¶ 13, 84 P.3d 1171 (alteration in original) (quoting *State v. Honie,* 2002 UT 4, ¶ 31, 57 P.3d 977); *see also State v. Ross,* 2007 UT 89, ¶ 27, 174 P.3d 628. "If a statute 'is sufficiently explicit to inform the ordinary reader what conduct is prohibited,' it is not unconstitutionally vague." *MacGuire,* 2004 UT 4, ¶ 14, 84 P.3d 1171 (quoting *State v. Frampton,* 737 P.2d 183, 192 (Utah 1987)).

¶ 11 The Ordinance states that "[n]o person shall operate or maintain a kennel without first obtaining a permit from Kanab City," Kanab City, Utah, Ordinance § 13–200.04.020(1), and that persons who violate the Ordinance are guilty of class C misdemeanors, *see id.* § 13–200.04.070. Under the Ordinance, a kennel is defined as "any residential premises where more than two dogs . . . are raised, kept, [or] housed." *Id.* § 13–200.01.010. The Ordinance also outlines minimum sanitation and safety standards that must be met in order to obtain and keep a kennel permit. *See id.* § 13–200.04.020(3)–(4). The Inspection Clause places a duty on animal control and police officers to "periodically inspect all registered kennels, to see that the provisions of th[e] chapter pertaining to the sanitation and care of such places are being observed." *Id.* § 13–200.04.050.

¶ 12 Here, Defendant claims that the Inspection Clause is unconstitutionally vague because it fails to outline the practicalities of kennel inspections with sufficient detail. In the abstract, Defendant argues that the Inspection Clause impermissibly grants animal control and police officers unfettered access to his home. However, under the facts of this case, we cannot review Defendant's hypothetical description of the inspectors' unlimited power to enforce the Ordinance because Defendant never applied for or obtained a kennel permit. Because Defendant was not subjected to any of the inspections he is now complaining of, we can only address whether the Ordinance is "sufficiently explicit to inform the ordinary reader what conduct is prohibited," *Frampton,* 737 P.2d at 192 (internal quotation marks omitted), or if it "encourage[s] arbitrary and discriminatory enforcement," *Honie,* 2002 UT 4, ¶ 31, 57 P.3d 977.

¶ 13 An ordinary person reading the Ordinance would understand that, in order to keep more than two dogs over the age of three months in the same residence, a citizen must register for a kennel permit. The fail-

---

1. The Utah Supreme Court has upheld Utah's justice court system in *Bernat v. Allphin,* 2005 UT 1, 106 P.3d 707, stating that "a justice court defendant is, if anything, treated more favorably than a similarly situated district court defendant," because a justice court defendant "is afforded a second opportunity to relitigate the facts relating to his or her guilt or innocence." *Id.* ¶ 41.

ure to do so is a violation of the Ordinance. Further, the Ordinance states that one who shelters or feeds an animal for three consecutive days is deemed to have harbored the animal and is therefore an owner. *See* Kanab City, Utah, Ordinance § 13–200.01.010. Defendant has failed to show that an ordinary person would not understand what conduct is prohibited by the Ordinance.

¶ 14 As to whether the Inspection Clause encourages arbitrary or discriminatory enforcement, there is nothing in the language of the Ordinance that sustains such an assertion. The Inspection Clause expressly provides for inspections only to enforce the sanitation and safety standards set forth in the preceding clauses of the Ordinance. *See id.* § 13–200.04.050. Because the Ordinance is clear as to what conduct is prohibited, and it does not encourage arbitrary or discriminatory enforcement, the district court did not err in ruling that the Ordinance was not unconstitutionally vague as applied to Defendant.

## CONCLUSION

¶ 15 Defendant's claims involving nonconstitutional issues are not properly before us because the case originated in justice court. The Ordinance is not unconstitutionally vague because it explicitly informs ordinary readers that it is a violation for dog owners to fail to obtain a kennel permit when they are keeping more than two dogs in any residential premises. Further, there is no valid argument before us that the Inspection Clause encourages arbitrary or discriminatory enforcement.

¶ 16 We therefore affirm.

¶ 17 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge, and CAROLYN B. McHUGH, Judge.