IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Orem City, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110976-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (January 20, 2012) |
| Scott Ray Bishop, | ) | |
| | ) | 2012 UT App 15 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Spanish Fork Department, 115301881
The Honorable Donald J. Eyre, Jr.

Attorneys:     Scott Ray Bishop, Orem, Appellant Pro Se
                    Robert J. Church, Orem, for Appellee

-----

Before Judges McHugh, Davis, and Roth.

¶1      Scott Ray Bishop appeals his conviction of speeding after a trial de novo in district court. This is before the court on Orem City's motion for summary disposition asserting the lack of a substantial question for review.[1]

¶2      This case originated in justice court. An appeal from a justice court is taken to the district court, which holds a trial de novo. *See* Utah Code Ann. § 78A-7-118 (Supp. 2011). "The decision of the district court is final and may not be appealed unless the

---

1. This court sua sponte moved for summary disposition on jurisdictional grounds based on the absence of a final order. Although the minutes for sentencing are rather ambiguous, we accept Bishop's assertion that he was, in fact, sentenced and that jurisdiction is appropriate. Accordingly, the sua sponte motion is withdrawn and only Orem City's motion on the merits is considered.

district court rules on the constitutionality of a statute or ordinance." *Id.* § 78A-7-118(8). Bishop argued in the district court that the charge should be dismissed because the speeding statute under which he was convicted was unconstitutionally vague. The district court denied that motion. Because the district court ruled on the constitutionality of the speeding statute, this court has jurisdiction to review that ruling. *See id.* However, issues raised beyond the district court's ruling on the constitutionality of a statute are not reviewable on appeal to this court when the underlying case originated in justice court. *See Kanab City v. Popowich*, 2008 UT App 337, ¶ 8, 194 P.3d 198 ("[O]nly issues challenging the constitutionality of statutes or ordinances may be appealed beyond the district court's trial de novo.").

¶3      Bishop argues that Utah Code section 41-6a-601 is unconstitutionally vague. This argument was squarely rejected by the Utah Supreme Court in *State v. Pilcher*, 636 P.2d 470 (Utah 1981). There, court stated that "[a] statute is not unconstitutionally vague if it is sufficiently explicit to inform the ordinary reader what conduct is prohibited." *Id.* at 471. Reviewing an earlier version of the speeding statute that is substantively the same as the current statute, the court noted that "the statutory language describes, as best as the subject matter permits, the test used to assess the driver's conduct. It is, therefore, no abridgement of appellant's constitutional rights." *Id.* Accordingly, the court held that the speeding statute was not unconstitutionally vague. *See id.* at 471-72. As a result, Bishop's argument fails.

¶4      The trial court did not err in finding the speeding statute constitutional. *See id.* The other issues raised by Bishop are beyond the scope of an appeal from a trial de novo. *See Popowich*, 2008 UT App 337, ¶ 8.

¶5      Affirmed.


_____
Carolyn B. McHugh,
Presiding Judge


_____
James Z. Davis, Judge


_____
Stephen L. Roth, Judge