514 P.2d 1007

CITY OF PHOENIX, a municipal corporation, ex rel. Joe R. PURCELL, City Attorney for the City of Phoenix, Petitioner,

v.

The Honorable Rufus C. COULTER, Jr., *Judge of the Superior Court, Maricopa County*, Eugene K. Mangum, Chief Presiding Judge of the City Court of the City of Phoenix, Thomas Christopher Woodson, Moise E. Berger, County Attorney for the County of Maricopa, State of Arizona, and Maricopa County Department of Legal Services, Respondents.

No. 11337.

Supreme Court of Arizona,
In Banc.

Oct. 11, 1973.
Opinion on Rehearing Nov. 1, 1973.
See 515 P.2d 856.

Joe R. Purcell, Phoenix City Atty., by Alan S. Max, Asst. City Atty., Phoenix, for petitioner.

Eugene K. Mangum, in pro. per.

Moise E. Berger, Maricopa County Atty., by David B. Krom, Deputy County Atty., Phoenix, for respondent Moise E. Berger.

**12**

Flynn, Kimerer, Thinnes & Galbraith by Thomas A. Thinnes, Phoenix, for respondent Woodson.

Robert J. Weber, Chief Defense Counsel, Phoenix, for respondent Maricopa County Dept. of Legal Services.

Richard Filler, Scottsdale City Atty., by James H. Keppel, Scottsdale City Prosecutor, Scottsdale, amicus curiae.

PER CURIAM:

Respondent, Thomas Christian Woodson, was convicted in the City Court of the City of Phoenix of the violation of a State law, A.R.S. § 13–531, indecent exposure, a misdemeanor. He appealed to the Superior Court of Maricopa County, Arizona. There, Joe R. Purcell, the City Attorney for the City of Phoenix, through one of his duly qualified and acting assistants, undertook to prosecute the appeal. Woodson filed a petition in the Superior Court, being Cause No. C 281676 of the records and files thereof, asserting that the City Attorney was acting in excess of legal authority in prosecuting the criminal appeal. The Honorable Rufus C. Coulter, Jr., Judge of the Superior Court, after due consideration of the petition, permanently enjoined the City Attorney from prosecuting Woodson.

A Special Action in the nature of a petition for a writ of prohibition was filed by Phoenix in this Court. We accepted jurisdiction pursuant to Article 6, § 5, Constitution of Arizona, A.R.S. and subsequently ordered that Judge Rufus C. Coulter, Jr. be joined as a party respondent. Judge Coulter advised this Court on the tenth day of October 1973 that he was in receipt of copies of the instruments filed herein and did not intend to file any personal pleading, thereby relying upon the responses and briefs filed by the other respondents.

The precise question presented to Judge Coulter was settled by this Court in Ex parte Coone, 67 Ariz. 299, 195 P.2d 149. It was there decided that the City Attorney could prosecute a defendant in the Superior Court on appeal from a conviction in a city magistrate's court for violating a State law. We have re-examined the respondent's legal position and find no sufficient reason why that case should be overruled or modified. We therefore hold that it controls the disposition of Woodson's petition before the Superior Court. McKay v. Industrial Comm., 103 Ariz. 191, 438 P.2d 757.

Respondents and each of them are prohibited from enforcing the injunction heretofore issued on the first day of October 1973 in Cause C 281676 of the Superior Court of Maricopa County, Arizona.