**515 P.2d 856**

**CITY OF PHOENIX, a municipal corporation, ex rel. Joe R. PURCELL, City Attorney for the City of Phoenix, Petitioner,**

v.

**The Honorable Rufus C. COULTER, Jr., Judge of the Superior Court, Maricopa County, Eugene K. Mangum, Chief Presiding Judge of the City Court of the City of Phoenix, Thomas Christopher Woodson, Moise E. Berger, County Attorney for the County of Maricopa, State of Arizona, and Maricopa County Department of Legal Services, Respondents.**

**No. 11337.**

Supreme Court of Arizona,
In Banc.
Nov. 1, 1973.

Joe R. Purcell, Phoenix City Atty. by Alan S. Max, Asst. City Atty., Phoenix, for petitioner.

Eugene K. Mangum, in pro. per.

Moise E. Berger, Maricopa Co. Atty. by David B. Krom, Deputy Co. Atty., Phoenix, for respondent Moise E. Berger.

Flynn, Kimerer, Thinnes & Galbraith by Thomas A. Thinnes, Phoenix, for respondent Woodson.

Robert J. Weber, Chief Defense Counsel, Phoenix, for respondent Maricopa County Dept. of Legal Services.

Richard Filler, Scottsdale City Atty. by James H. Keppel, Scottsdale City Prosecutor, Scottsdale, amicus curiae.

**DECISION ON REHEARING**

PER CURIAM:

On October 11, 1973, this Court issued its Per Curiam decision herein, Ariz., 514 P.2d 1007. Respondents Thomas Christopher Woodson and Maricopa County Depart-

ment of Legal Services have moved for a rehearing of that decision. Woodson urges that the Court's decision was based upon totally inaccurate facts, and that we failed to answer the question whether the City Attorney at the city court level possesses the power to prosecute persons accused of violations of the State Code. Rehearing is granted to clarify these points.

Respondent is correct in his statement that the facts were inaccurately stated. Respondent was not convicted but only charged in the City Court of the City of Phoenix with a violation of a State law, A.R.S. § 13–531, indecent exposure, a misdemeanor. He thereafter filed a special action in the Superior Court of Maricopa County, being Cause No. 281676 of the records and files thereof, seeking to prohibit the City Attorney from prosecuting him, and The Honorable Rufus C. Coulter, Jr., Judge of the Superior Court, after due consideration permanently enjoined the City Attorney from such prosecution.

Respondents' point that the City Attorney of the City of Phoenix is without authority to prosecute State Code violations at the City Court level is palpably without merit. A.R.S. § 22–402 B provides for concurrent jurisdiction in city courts of incorporated cities with justices of the peace over all violations of the laws of the State of Arizona committed within the corporate limits. And the City Charter of the City of Phoenix, as amended November 9, 1971, Ch. 8, § 2(b) provides:

"(b) The City Court shall have concurrent jurisdiction with the Justices of the Peace, in the precincts of the City, over all violations of the laws of the State committed within the corporate limits of the City; said concurrent jurisdiction shall be subject to the rules of criminal procedure applicable to trials before Justices of the Peace."

By the City of Phoenix Charter, Ch. 21, § 6, it is further provided that:

"The city attorney shall * * * prosecute in behalf of the people, all criminal cases arising from violations of the provi-

sions of this Charter, and the ordinances of this city; * * *"

This provision, Ch. 21, § 6, is identical to the Charter of the City of Phoenix as amended effective 1915. So far as any of the members of this Court are aware, the City Attorney has prosecuted violations of State laws occurring within the corporate limits of the City of Phoenix ever since and without any previous challenge to his authority to do so. It is too plain for cavil that the City Attorney is the appropriate person to prosecute violations of the State law committed within the corporate limits of the City over which the concurrent jurisdiction of the City Court has been invoked.

The order of this Court heretofore made, that respondents and each of them are prohibited from enforcing the injunction issued in Cause No. C 281676 of the Superior Court of Maricopa County, Arizona, is approved and affirmed.