**STATE of Utah, Plaintiff and Appellee,**

v.

**Bruce S. ROBERTSON, Defendant and Appellant.**

No. 930728–CA.

Court of Appeals of Utah.

Nov. 29, 1994.

Joan C. Watt and Susan M. Denhardt, Salt Lake City, for defendant and appellant.

Greg Curtis, West Jordan, for plaintiff and appellee.

Before BILLINGS, ORME and WILKINS, JJ.

## OPINION

WILKINS, Judge:

Defendant, Bruce S. Robertson, appeals the order of the trial court upholding the constitutionality of section 10–3–928 of the Utah Code. We affirm.

## BACKGROUND

■ West Jordan City, through its city attorney and in the name of the State of Utah, brought four criminal charges in the Third Circuit Court against Mr. Robertson for violations of Utah law.[1] Mr. Robertson moved the trial court to dismiss all charges against him based on his claim that section 10–3–928 of the Utah Code, which grants authority to unelected city attorneys to prosecute Utah misdemeanors in the name of the state, violates Article VIII, Section 16 of the Utah Constitution. The trial court denied Mr. Robertson's motion, holding that section 10–3–928 did not violate the constitutional requirement that the "primary responsibility" for prosecution of criminal actions brought in the name of the state be given to elected "public prosecutors." Mr. Robertson

is before us on interlocutory appeal from the trial court's order.

## STANDARD OF REVIEW

Whether section 10–3–928 of the Utah Code is constitutional is a question of law. We therefore review the trial court's conclusions for correctness. *West Valley City v. Streeter*, 849 P.2d 613, 614 (Utah App.1993).

## ANALYSIS

I. Constitutional and Statutory Scheme

Article VIII, Section 16 of the Utah Constitution states:

The Legislature shall provide for a system of public prosecutors who shall have primary responsibility for the prosecution of criminal actions brought in the name of the State of Utah and shall perform such other duties as may be provided by statute. Public prosecutors shall be elected in a manner provided by statute, and shall be admitted to practice law in Utah. If a public prosecutor fails or refuses to prosecute, the Supreme Court shall have power to appoint a prosecutor pro tempore.

We must determine what the Utah Constitution requires from "a system of public prosecutors who shall have *primary responsibility* for the prosecution of criminal actions brought in the name of the State of Utah." *Id.* (emphasis added).

The legislature has authorized the attorney general, the county or district attorney, and city attorneys to prosecute violations of the Utah Code in the name of the state, as described in sections 67–5–1,[2] 17–18–1,[3] 17–

---

1. The charges were: (1) driving under the influence of alcohol, a class B misdemeanor, in violation of section 41–6–44 of the Utah Code; (2) driving on a revoked license, a class B misdemeanor, in violation of section 41–2–136(3) of the Utah Code (renumbered in 1993 as § 53–3–227); (3) reckless driving, a class B misdemeanor, in violation of section 41–6–45 of the Utah Code; and (4) fleeing from a police officer, a class A misdemeanor, in violation of section 41–6–13.5 of the Utah Code (amended in 1993 to upgrade to a third degree felony).

2. Section 67–5–1 provides in relevant part:
   The attorney general shall:
   (1) except as provided in Sections 10–3–928, 17–18–1, and 78–4–11, attend the Supreme

Court and the Court of Appeals of this state, and all courts of the United States, and prosecute or defend all causes to which the state, or any officer, board, or commission of the state in an official capacity is a party; ....
   . . . .
   (6) exercise supervisory powers over the district and county attorneys of the state in all matters pertaining to the duties of their offices, and from time to time require of them reports of the condition of public business entrusted to their charge; ....
   Utah Code Ann. § 67–5–1 (Supp.1994).

3. Section 17–18–1 provides in relevant part:
   (1) In each county which is not within a prosecution district, the county attorney is a public prosecutor and shall:

18–1.7,[4] 10–3–928, and 78–4–11.[5]

Mr. Robertson raises a challenge to the grant of authority codified as section 10–3–928 of the Utah Code, which provides:

> In cities with a city attorney, the city attorney may prosecute violations of city ordinances, and under state law, infractions and misdemeanors occurring within the boundaries of the municipality and has the same powers in respect to the violations as are exercised by a county attorney or district attorney, including, but not limited to, granting immunity to witnesses. The city attorney shall represent the interests of the state or the municipality in the appeal of any matter prosecuted in any trial court by the city attorney.

Utah Code Ann. § 10–3–928 (Supp.1994).

Mr. Robertson argues that the language of Article VIII, Section 16 of the Utah Constitution demands that a city attorney who prosecutes a criminal action in the name of the state must be either: 1) elected as a public prosecutor, or 2) supervised or overseen by an elected public prosecutor. Because section 10–3–928 authorizes city attorneys to prosecute misdemeanors and infractions occurring within the city boundaries without requiring that the city attorneys be either elected or supervised by an elected public prosecutor, Mr. Robertson claims that sec-

(a) conduct on behalf of the state all prosecutions for public offenses committed within the county, except for prosecutions undertaken by the city attorney under Section 10–3–928 and appeals from them;
. . . .
. . . .
(2) The county attorney:
(a) shall appear and prosecute for the state in the district court of the county in all criminal prosecutions; . . . .
Utah Code Ann. § 17–18–1 (Supp.1994).

4. Section 17–18–1.7 provides in relevant part:

(1) The district attorney is a public prosecutor and shall:
(a) prosecute in the name of the state all violations of criminal statutes of the state; . . . .
. . . .
(c) conduct on behalf of the state all prosecutions for public offenses committed within the county, except for prosecutions undertaken by the city attorney under Section 10–3–928 and appeals from them;

tion unconstitutionally violates the mandate of article VIII, section 16.

■ When faced with a constitutional challenge to a statute, "[t]he act is presumed valid, and we resolve any reasonable doubts in favor of constitutionality." *Society of Separationists, Inc. v. Whitehead,* 870 P.2d 916, 920 (Utah 1993). Additionally, while we must give effect to constitutional mandates, we must also attempt to reconcile the challenged statute with the constitution, particularly if the constitutional mandate is subject to more than one reasonable interpretation. *See Timpanogos Planning & Water Conservancy Dist. v. Central Utah Water Conservancy Dist.,* 690 P.2d 562, 564 (Utah 1984).

## II. Requirement of Election

■ Mr. Robertson first argues that section 10–3–928 is unconstitutional because city attorneys are not elected. To require a city attorney to be elected would be to read article VIII, section 16 as authorizing *only* public prosecutors to bring a criminal charge in the name of the state. To reach such a conclusion, we would have to read the language of article VIII, section 16 regarding public prosecutors' "primary responsibility" as meaning "exclusive authority." The trial court correctly refused to accept that interpretation.

. . . .
. . . .
(2) The district attorney shall:
(a) appear and prosecute for the state in the district court all criminal actions for violation of state law; . . . .
Utah Code Ann. § 17–18–1.7 (Supp.1994).

5. Section 78–4–11 provides:

Except as otherwise directed by Section 78–2–2, appeals from final civil and criminal judgments of the circuit court are to the Court of Appeals. The county attorney or district attorney as provided under Sections 17–18–1 and 17–18–1.7 shall represent the interests of the state as public prosecutor in any appeals of criminal matters prosecuted by the county attorney in circuit court. City attorneys shall represent the interests of the state in any appeals of criminal matters prosecuted by the city attorney and the interests of municipalities in any appeals involving violations of municipal ordinances.
Utah Code Ann. § 78–4–11 (Supp.1994).

The use of the word "primary" gives rise to the obvious concept of "secondary" or "subordinate" authority. If the framers of article VIII, section 16 intended that only public prosecutors be authorized to bring a criminal action in the name of the state, they could have so stated explicitly. Instead, under the plain language of our constitution, city attorneys can have some limited responsibility for the prosecution of crimes in the name of the state as long as public prosecutors continue to have the "primary" responsibility. Thus, the language of article VIII, section 16 can easily and reasonably be interpreted to allow prosecutors other than "public prosecutors" to bring a criminal action in the name of the state.

### III. Primary Responsibility of Public Prosecutors

■ Having rejected the argument that city attorneys must qualify as elected public prosecutors, we next turn to Mr. Robertson's argument that city attorneys must at least be supervised or overseen by an elected public prosecutor. The essential question dividing Mr. Robertson and West Jordan City is whether the "primary responsibility" of public prosecutors need be manifest in the form of supervision over each case brought in the name of the state, or whether "primary responsibility" refers to the quantity and quality of cases prosecuted as a whole.

Both Mr. Robertson and West Jordan City have presented reasonable interpretations of what article VIII, section 16 mandates in requiring public prosecutors to have "primary responsibility for the prosecution of criminal actions brought in the name of the State of Utah." The plain language of this constitutional provision could reasonably be read to require public prosecutors to have primary responsibility for the *general prosecution of crimes* in the name of the state, or to have primary responsibility for *each and every prosecution* brought in the name of the state. We find ourselves in the interesting position of being able to adopt both interpretations as part of the mandate of article VIII, section 16, and still find section 10–3–928 of the Utah Code to be in conformity with that mandate.

### A. Primary Responsibility Over System as a Whole

West Jordan City argues that public prosecutors need not have primary responsibility in each case. Rather, the City argues that their primary responsibility should be viewed in a larger, system-wide context. The City argues that viewed in this way, the system of public prosecutors, composed of the attorney general and county and district attorneys, clearly has primary responsibility both quantitatively and qualitatively.

Quantitatively, the system of public prosecutors has the duty to handle *all* prosecutions in the name of the state, except those which city attorneys *may* prosecute. Qualitatively, the system of public prosecutors has the *authority* to prosecute all criminal violations of the Utah Code in the name of the state, and the *duty* to prosecute all such violations except those less serious offenses that the Legislature has allowed city attorneys the discretion to prosecute. City attorneys, however, do not have the obligation to prosecute any state law violations, and are authorized to prosecute only infractions and misdemeanors in the name of the state. Thus, public prosecutors clearly have the primary responsibility for the general prosecution of criminal actions brought in the name of the state when contrasted with city attorneys.

### B. Primary Responsibility Over Each Case

Mr. Robertson argues that article VIII, section 16 requires that public prosecutors have primary responsibility over each individual case brought in the name of the state. City attorneys have no responsibility to prosecute any criminal actions in the name of the state unless and until they choose to do so under section 10–3–928 of the Utah Code. However, Mr. Robertson argues that city attorneys, upon choosing to prosecute a criminal action in the name of the state, have usurped a public prosecutor's "primary responsibility" for each such prosecution. Yet Mr. Robertson concedes that if city attorneys were subject to oversight by public prosecutors, this supervisory authority would satisfy the constitutional requirement that public

prosecutors have primary responsibility over each case.

Both Mr. Robertson and West Jordan City present an accurate analysis of the statutory scheme of the authority given to the system of public prosecutors—the attorney general and the county and district attorneys—and to the city attorneys. What both parties fail to recognize, however, is that the statutory scheme tells only part of the story. Mr. Robertson asserts that "no statute exists which gives the elected Attorney General or county attorney supervisory power over the city prosecutor." While accurate, this statement fails to take into account that the attorney general, "in addition to those [powers] conferred ... by statute, ... is clothed with all of the powers and duties pertaining thereto at common law." *State v. Jimenez*, 588 P.2d 707, 709 (Utah 1978) (quoting *Darling Apartment Co. v. Springer*, 25 Del.Ch. 420, 22 A.2d 397, 403 (1941)).

"In addition to constitutional and statutory authority, the Utah Attorney General, like attorneys general of numerous other states, has common law powers.... The source of the common law power lies in the State's statutory adoption of the common law which has been in effect, except as modified by statute, since statehood." *Hansen v. Utah State Retirement Bd.*, 652 P.2d 1332, 1337 (Utah 1982); *see* Utah Code Ann. § 68–3–1 (1993); *State v. Jimenez*, 588 P.2d 707 (Utah 1978). Therefore, to decide whether the Legislature has conformed with the mandate of article VIII, section 16 in its enactment of section 10–3–928 requires an analysis of the governing common law as well as the relevant statutory provisions.

### 1. *Common Law Power to Supervise*

Given Utah's recognition of the common law powers of the attorney general, we need to address two questions. First, does the common law give the attorney general supervisory power over all prosecutions brought in the name of the State of Utah? Second, if the attorney general has such common law supervisory power, has Utah's statutory scheme taken that power away? We address these questions in turn.

Mr. Robertson argues that our constitution mandates, and sound public policy requires, that all prosecutions in the name of the State of Utah fall within the "primary responsibility" of an elected prosecutor, who must answer to the people. Mr. Robertson contends that once a city attorney brings a case in the name of the state, no public prosecutor has authority over the prosecution to intervene if the city attorney is not handling the prosecution in the best interests of the citizens of the state. However, he argues that if a public prosecutor did have the authority to intervene if necessary, this would fulfill the constitutional mandate that a public prosecutor have "primary responsibility for the prosecution of criminal actions brought in the name of the State of Utah."

We agree that our constitution mandates that all prosecutions brought in the name of the state must fall within the primary responsibility of an elected public prosecutor. We also agree that sound public policy is thereby served, in that all prosecutions in which a citizen stands in jeopardy of life or liberty is at the hands of an official who must answer to the people directly. Were it otherwise, unelected prosecutors could impose entirely different standards of prosecution throughout the state with no remedy available to the people.[6]

However, we do not agree with Mr. Robertson's contention that no public prosecutor has authority to intervene if the city attorney is not handling a prosecution in the best interests of the citizens of the state. Our

---

6. One might argue that public prosecutors have the only responsibility to prosecute criminal actions, since the statute authorizing criminal prosecutions in the name of the state by city attorneys is permissive and not mandatory in nature. The argument is that permissive language imposes no "responsibility" on city attorneys, and therefore does not violate the constitutional mandate that primary responsibility be vested in public prosecutors. This argument has a logical appeal.

However, to adopt this analysis would permit as constitutional any legislative enactment granting power to unelected prosecutors to bring criminal actions of any nature, so long as couched in permissive rather than mandatory language. This result would violate the protections intended by the framers of article VIII, section 16, of having our lives and liberty in the hands of prosecutors who must answer directly to the people.

reading of the common law, to the extent it is unmodified through constitutional or legislative enactment, convinces us that the attorney general has such authority to intervene.

In line with the numerous other states that clothe the attorney general with general common law powers, Utah has not attempted to articulate the nature and extent of each of these numerous and varied powers.[7] Our supreme court has noted, however, that "[a]t common law the top legal adviser was invested with criminal prosecution authority, and such authority is deemed to be that of Attorney General in the common law states of this country." *State v. Jimenez*, 588 P.2d 707, 709 (Utah 1978). We look to other common law states to identify the specific parameters of the attorney general's common law power.

In *State v. Finch*, 128 Kan. 665, 280 P. 910 (1929), the court surveyed the authority of the attorney general under English common law.[8] The court in *Finch* concluded that as chief law officer of the state, the attorney general had the authority to intervene, in the interests of the public, and control the prosecution of any case brought in the name of the state, including dismissal of the case. The court explained:

> There are three ways in which a criminal prosecution may be carried forward in this state—by private prosecutor in compliance with certain statutory requirements, by the county attorney, and by the Attorney General. Ordinarily a case is commenced and prosecuted to conclusion by one of the methods enumerated and without conflict

between them. In case of conflict the superior officer has control of the prosecution.... The Attorney General is not required to take part in a liquor prosecution but if he does appear he is entitled to have full charge of the prosecution and the case should be dismissed if he so directs.

*Id.* at 914–15. Several states have accepted this articulation of the attorney general's common law authority.[9]

■ This is a matter of first impression in Utah.[10] We conclude that under common law the attorney general is the chief legal officer in the state and, as such, has the authority to intervene in any prosecution brought by a city attorney in the name of the State of Utah [11]. Such authority existed at common law and continues unless modified by constitution or statute.

### 2. *Attorney General's Power Unmodified*

In addressing the second question, that of whether the common law power of the attorney general has been modified, we turn first to *State v. Jimenez*, 588 P.2d 707 (Utah 1978), in which the Utah Supreme Court confirmed the general rule regarding the attorney general's common law power and authority, saying: "[A]s chief law officer of the State, the Attorney General, *in the absence of express legislative restriction to the contrary*, may exercise all such power and authority as the public interests may from time to time require." *Id.* at 709 (emphasis added) (quoting *Darling Apartment Co. v.*

---

7. *See generally* 7 Am.Jur.2d *Attorney General* § 9 (1980).

8. Utah adopted the English common law through the enactment of section 68–3–1 of the Utah Code.

9. *See, e.g., Ex Parte Weaver*, 570 So.2d 675, 677–78 (Ala.1990); *State ex rel. Derryberry v. Kerr–McGee Corp.*, 516 P.2d 813, 819 (Okla.1973). Two other states, Arizona and New Mexico, have accepted *Finch* as an accurate description of the attorney general's common law authority, yet inapplicable in these states since they do not recognize any common law power of the attorney general. *See Westover v. State*, 66 Ariz. 145, 149, 185 P.2d 315, 319 (1947); *State ex rel. Attorney Gen. v. Reese*, 78 N.M. 241, 246–47, 430 P.2d 399, 404–05 (1967).

10. See *Searle v. Briggs*, 800 P.2d 804, 806 n. 2 (Utah 1990), in which our supreme court recognized the existence of a similar question involving the possibility of appointed county attorneys, but did not reach the issue for decision.

11. The proposition that the attorney general's authority to supersede other prosecutors is a common law power is not without detractors. In *Commonwealth v. Schab*, 477 Pa. 55, 383 A.2d 819, 821 (1978), the Supreme Court of Pennsylvania overturned a long line of cases which recognized the common law authority of the Attorney General to supersede a district attorney. The court reasoned that the authority to supersede an elected district attorney could not have existed under English common law since an office equivalent to an elected district attorney did not exist.

*Springer,* 25 Del.Ch. 420, 22 A.2d 397, 403 (1941)).

The Court further clarified its position on the enduring nature of the attorney general's common law powers, particularly with respect to the necessity of "express legislative restriction to the contrary" to remove those powers, in *Hansen v. Utah State Retirement Bd.,* 652 P.2d 1332 (Utah 1982). In *Hansen,* the court said that "[o]f course, where a conflict arises between the common law and a statute or constitutional law, the common law must yield." *Id.* at 1337.[12]

Rather than rigorously demanding that the Legislature expressly restrict the attorney general's common law power to intervene in prosecutions brought by city attorneys in the name of the state, we instead look for conflict between the statutory scheme and this common law power. At the same time, we are mindful of our duty to reconcile challenged statutes with the constitution.

When read together, sections 67–5–1, 17–18–1, 17–18–1.7, and 10–3–928 of the Utah Code disclose that the attorney general has the authority and duty to "prosecute ... all causes to which the state is a party," but is relieved of the duty to prosecute the cases brought by a county or district attorney, or by a city attorney. The county and district attorneys have the authority and duty to conduct all prosecutions in the name of the state for public offenses committed within the county, but are relieved of the duty to prosecute cases brought by a city attorney. City attorneys have the authority, but not the duty, to prosecute state infractions and misdemeanors occurring within the city boundaries.

█ We see no provisions that conflict with the attorney general's common law authority to intervene in the public interest and control a prosecution brought in the name of the state by a city attorney, unless one reads the Legislature's granting of authority to prosecute cases to county and district attor-

neys and city attorneys as necessarily taking away that authority from the attorney general. We think such a reading is untenable, particularly since the attorney general is expressly granted supervisory authority over district and county attorneys. Utah Code Ann. § 67–5–1(6) (Supp.1994).

## CONCLUSION

In enacting section 10–3–928, the Legislature has remained true to the constitutional mandate of article VIII, section 16 which requires it to "provide for a system of public prosecutors who shall have the primary responsibility for the prosecution of criminal actions brought in the name of the State of Utah." Utah Const. art. VIII, § 16. While the statute allows persons other than public prosecutors to bring criminal actions in the name of the state, the concept of "primary" responsibility required by our state's constitution does not mean "exclusive" responsibility. Accordingly, city attorneys can have some responsibility for the prosecution of crimes in the name of the state as long as public prosecutors continue to have the "primary" responsibility.

Public prosecutors—the attorney general and county and district attorneys—have the primary responsibility over the system as a whole for prosecuting criminal actions in the name of the state. This is true both quantitatively, since public prosecutors have the responsibility to prosecute all cases in the name of the state compared to city attorneys who have no compulsory duty to prosecute any actions in the name of the state, and qualitatively, since city attorneys are only authorized to prosecute misdemeanors. The first facet of the constitutional mandate, that of *statewide* "primary responsibility," is thus fulfilled by public prosecutors.

City attorneys are, however, authorized to prosecute certain cases in the name of the state, relieving the duty, but not the authority, of the county and district attorneys and

---

12. The court cited section 68–3–2 of the Utah Code, unchanged as of 1994, which reads:

The rule of common law that statutes in derogation thereof are to be strictly construed has no application to the statutes of this state. The statutes establish the laws of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed with a view to effect the objects of the statutes and to promote justice....

Utah Code Ann. § 68–3–2 (1953).

the attorney general to conduct the prosecution. Even so, prosecutions by city attorneys are subject to the common law authority of the attorney general to intervene in the interest of the public. In this way, every prosecution in the name of the state is subject to the authority of a public prosecutor, who is elected and thereby accountable to the people, fulfilling the second facet of "primary responsibility" required by our constitution.

We hold that section 10-3-928, allowing city attorneys to prosecute infractions and misdemeanors in the name of the state, is consistent with the constitutional mandate that the Legislature "shall provide for a system of public prosecutors who shall have primary responsibility for the prosecution of criminal actions brought in the name of the State of Utah." We therefore affirm the decision of the trial court, and remand for trial on the merits.

BILLINGS, J., concurs.

ORME, Associate Presiding Judge (concurring in the result):

I agree that Utah Code Ann. § 10-3-928 (1992), *permitting* city attorneys to prosecute misdemeanor charges on behalf of the State, is constitutional. As far as I am concerned, however, all that needs to be said is that section 10-3-928 merely gives city attorneys the authority to prosecute state misdemeanors should they be so inclined, but imposes no affirmative responsibility on them to do so. Thus, "the city attorney *may* prosecute violations ... under state law," *id.* (emphasis added), while the county attorney and district attorney *shall* prosecute in the name of the State, all criminal charges except those minor charges which city attorneys voluntarily undertake to pursue. *See* Utah Code Ann. §§ 17-18-1(1)(a) (Supp.1994); 17-18-1.7(1)(c) (Supp.1994). Because city attorneys have no actual *responsibility* to prosecute state charges, that responsibility—in a sense exclusive rather than merely primary—necessarily rests with elected public prosecutors.