**STATE of Utah, Plaintiff and Respondent,**

v.

**Bruce S. ROBERTSON, Defendant and Petitioner.**

No. 950047.

Supreme Court of Utah.

Oct. 15, 1996.

out requiring termination of their prior assign-

Greg Curtis, West Jordan, for plaintiff.

ments to CSE.

Mary C. Corporon, Kellie F. Williams, Salt Lake City, for defendant.

STEWART, Associate Chief Justice:

This case is here on a writ of certiorari to review a decision of the Utah Court of Appeals upholding the constitutionality of Utah Code Ann. § 10–3–928, which allows unelected city attorneys to prosecute, in the name of the State, criminal violations of state statutes. *State v. Robertson*, 886 P.2d 85 (Ct. App.1994), *cert. granted*, 899 P.2d 1231 (Utah 1995). We affirm the Court of Appeals' decision.

## I. FACTS

In April 1993, the West Jordan city attorney filed a criminal action on behalf of the State of Utah in Third Circuit Court, Salt Lake County, charging Bruce S. Robertson with (1) driving under the influence of alcohol, a class B misdemeanor, in violation of Utah Code Ann. § 41–6–44; (2) driving on a revoked license, a class B misdemeanor, in violation of § 41–2–136(3) (1988);[1] (3) reckless driving, a class B misdemeanor, in violation of § 41–6–45; and (4) fleeing from a police officer, a class A misdemeanor, in violation of § 41–6–13.5 (1988).[2] The city attorney filed these charges pursuant to Utah Code Ann. § 10–3–928, which authorizes city attorneys to prosecute criminal violations of certain state statutes.[3] When the charges against Robertson were filed, that statute provided:

> In cities with a city attorney, the city attorney may prosecute violations of city ordinances, and under state law, infractions and misdemeanors occurring within the boundaries of the municipality and has

the same powers in respect to the violations as are exercised by a county attorney, including, but not limited to, granting immunity to witnesses. The city attorney shall represent the interests of the state or the municipality in the appeal of any matter prosecuted in any trial court by the city attorney.

Utah Code Ann. § 10–3–928 (1992).[4]

Robertson moved to dismiss the charges on the ground that § 10–3–928 violates the Utah Constitution. Article VIII, section 16 of the Constitution provides:

> The Legislature shall provide for a system of public prosecutors who shall have primary responsibility for the prosecution of criminal actions brought in the name of the State of Utah and shall perform such other duties as may be provided by statute. Public prosecutors shall be elected in a manner provided by statute, and shall be admitted to practice law in Utah. If a public prosecutor fails or refuses to prosecute, the Supreme Court shall have power to appoint a prosecutor pro tempore.

The trial court held the statute constitutional and denied Robertson's motion to dismiss. On interlocutory appeal, the Utah Court of Appeals affirmed. *Robertson*, 886 P.2d at 91–92.

## II. DISCUSSION

■ Article VIII, section 16 refers specifically to "public prosecutors" as elected officials. By law, the offices of attorney general, district attorney, and county attorney are elective offices, and those officials are "public prosecutors" within the meaning of section

---

1. This provision was subsequently moved to § 53–3–227, effective July 1, 1993.

2. This provision was subsequently amended to reclassify it as a third degree felony, effective July 1, 1993.

3. Variations of such provisions apparently are relatively common in other states. *See, e.g., City of Phoenix v. Coulter*, 110 Ariz. 111, 515 P.2d 856, 857 (1973) (noting statutory authorization for city attorney to prosecute violations of state law committed within corporate limits); *Archer*

*v. Benton County Cir. Ct.*, 316 Ark. 477, 872 S.W.2d 397, 399 (1994) (same); *Montgomery v. Superior Ct., County of Solano*, 46 Cal.App.3d 657, 121 Cal.Rptr. 44, 50 n. 7 (1975) (noting statutory authorization for city attorney to prosecute misdemeanors with district attorney's consent); *State v. Boseman*, 805 S.W.2d 922, 925–26 (Tex.Ct.App.1991) (same with respect to appeals).

4. An amendment effective May 3, 1993, added "or district attorney" to the phrase reading "as are exercised by a county attorney."

16,[5] but city attorneys are not elected and therefore are not "public prosecutors." Depending on the form of government adopted by a given municipality, city attorneys may be appointed by either the mayor, the manager, or the board of commissioners. *See* Utah Code Ann. §§ 10–3–902, 10–3–1219 (Supp.1995). However, article VIII, section 16 confers only "primary," not "exclusive," responsibility on elected public prosecutors for the "prosecution of criminal actions." It follows that a residuum of prosecutorial power exists which the Legislature may confer on persons other than "public prosecutors." The issue, therefore, is whether the statutory authority bestowed by Utah Code Ann. § 10–3–928 on unelected city attorneys does not exceed the scope of the residual or nonprimary responsibility which the Legislature may constitutionally confer upon nonelected officials.

 "In construing constitutional as well as statutory provisions, it is to be assumed that the words used were chosen advisedly, and terms should be given an interpretation and an application in accord with their commonly understood meaning." *Nephi City v. Hansen,* 779 P.2d 673, 675 (Utah 1989) (citing *Hansen v. Owens,* 619 P.2d 315, 317 (Utah 1980), *overruled on other grounds, American Fork City v. Crosgrove,* 701 P.2d 1069, 1075 (Utah 1985)). If the meaning of a definitive word or phrase is ambiguous, as are many constitutional terms because of the general principles they express, then the phrase should be construed according to the underlying purpose of the provision in which the term appears. *See State Bd. of Educ. v. State Bd. of Higher Educ.,* 29 Utah 2d 110, 505 P.2d 1193, 1195 (1973).

The current version of article VIII, section 16 is a relatively new addition to the Utah Constitution. The entire judicial article, article VIII, was revised in 1984, and the changes became effective in 1985. With respect to the authority to prosecute state crimes, the Constitutional Review Commission concluded that section 10, the prior version of section 16, "was unduly restrictive and precluded the establishment of other prosecutorial structures such as district at-

torneys." Office of Legislative Research and General Counsel, *Report of the Utah Constitutional Revision Commission* 38 (January 1984). Senator Karl Snow, who sponsored the bill to revise the judicial article of the Constitution, explained that section 10 of the original constitution needed to be revised because it

> require[d] that every county have its own prosecutor in the person of the county attorney. In some of our rural counties this is not feasible. It prevents the legislature from combining some of these areas into a single district for purposes of creating a prosecution system.... [The new provision leaves] to the legislature the decision whether it should be a county attorney, a district attorney, or a combination of the two.

Recording of Spec.Sess. Discussion of Substitute SJR 1, held by the Senate Office of the Utah Legislature (March 26, 1984, PM, record no. 3, side 2, at 15). The Commission recommended that section 10 be replaced with what became section 16. The new provision deleted the specific reference to county attorneys and provided instead for a system of public prosecutors who would have primary responsibility for the prosecution of state crimes. Thus, the essential purpose of section 16 was to grant the Legislature greater flexibility in structuring the statewide system of elected public prosecutors.

Robertson argues that section 16 was also intended to concentrate all authority to prosecute state crimes in the office of those elected public prosecutors and to preclude any other person not directly supervised or deputized by a public prosecutor from prosecuting state criminal actions. In so arguing, Robertson suggests that the Court of Appeals' focus on the scope of the residual or nonprimary responsibility implied by the language of article VIII, section 16 was flawed. Robertson asserts that the residual or nonprimary responsibility impliedly authorized by article VIII, section 16 refers to the authority exercised by assistant or deputy public prosecutors. Under Robertson's theory, deputy or assistant prosecutors have residual

5. *See* Utah Code Ann. §§ 67–5–1, 17–18–1, 17– 18–1.7.

or nonprimary responsibility in the sense that they are supervised by another person who has the authority to control and direct their activities. Prosecutors who are not employees of a public prosecutor, such as city attorneys, cannot acquire residual or nonprimary status for constitutional purposes unless a public prosecutor formally deputizes them and assumes a primary role as a supervisor over them. It follows that city prosecutors who are not deputized by a public prosecutor may not prosecute violations of state criminal statutes.[6] Thus, Robertson concludes that city attorneys may not "screen cases without first submitting them to an elected public prosecutor ... [or] pursue state misdemeanor charges and determine the level of misdemeanor [without] any input from an elected prosecutor."

We reject Robertson's argument because we find that the primary responsibility vested in public prosecutors necessarily comprehends the authority delegated to their subordinates. Careful examination of the language and general purpose of article VIII, section 16 leads us to conclude that the term "public prosecutor," in whom "primary responsibility" is lodged to prosecute state crimes, refers to the public prosecutor in an official, not an individual, capacity. Constitutional and statutory provisions routinely impose duties and grant powers to a particular office as if the person holding that office were to perform all the duties and exercise all the powers. However, such constitutional and statutory provisions implicitly assume that the specified official has the authority to delegate the duties and powers conferred by such a provision to subordinates. Indeed, the authority to delegate to deputies and other subordinates is necessarily implicit because one person could not possibly perform all such functions.

For instance, the Constitution states, "The Attorney General shall be the legal adviser of the State officers, except as otherwise provided by this Constitution, and shall perform such other duties as provided by law." Utah Const. art. VII, § 16; see also, e.g., art. VII, § 5 (executive powers vested in governor); art. VII, § 15 (duties of state auditor and state treasurer). Likewise, the duties of county and district attorneys are largely set forth in Utah Code Ann. § 17–18–1 to –1.7. For example, the Code states that "the district attorney is a public prosecutor and shall ... conduct on behalf of the state all prosecutions for public offenses committed within the county, except for prosecutions undertaken by the city attorney." Id. § 17–18–1.7(1)(c). Yet, the specific reference to the powers and duties of a particular official cannot be interpreted as requiring that official to personally perform all the duties set forth by the Constitution or accompanying statutes. The attorney general's office currently employs over one hundred attorneys to discharge the constitutional and statutory duties of that office, and various county and district attorneys also routinely employ full-

6. Robertson asserts that the framers of the disputed constitutional section intended to promote a policy whereby any person possessing prosecutorial power becomes subject to either a direct (with respect to the public prosecutor) or an indirect (with respect to the public prosecutor's subordinates) democratic check on that power via popular election. At oral argument, Robertson raised the specter of "unaccountable" city attorneys harassing the citizenry and abusing their discretion by filing unfounded or poorly considered charges. The Court of Appeals addressed these concerns in part by stating that the attorney general retains common law authority to intervene in any case involving the prosecution of a state criminal statute. *Robertson,* 886 P.2d at 90–91. Although we do not address that portion of the Court of Appeals' opinion, we do note that as a general matter we have previously held that the attorney general retains common

law powers of the type described by the Court of Appeals. *See generally Hansen v. Utah State Retirement Bd.,* 652 P.2d 1332, 1337 (Utah 1982); *State v. Jiminez,* 588 P.2d 707, 708–09 (Utah 1978); *Hansen v. Barlow,* 23 Utah 2d 47, 48–53, 456 P.2d 177, 178–80 (1969). We also note that Robertson's argument fails to recognize the ability of courts to monitor and control the conduct of attorneys and ignores the fact that even nonelected city attorneys are nevertheless subordinate to democratically elected entities (i.e., mayors, managers, or boards of commissioners). Furthermore, by specifically designating this Court as the entity empowered to appoint a prosecutor pro tem. when a public prosecutor is delinquent in performing his or her obligation to file a criminal action, the text of article VIII, section 16 evinces more concern with a failure to exercise prosecutorial powers than with their abuse.

time assistant or deputy prosecutors.[7] Accordingly, the authority exercised by deputy or assistant prosecutors is a necessary aspect of the public prosecutor's primary responsibility rather than a manifestation of an implied residual or nonprimary responsibility.

In this light, the only remaining issue is to determine whether Utah Code Ann. § 10–3–928 properly allocates authority to city attorneys to exercise the residual or nonprimary responsibility impliedly permitted by the Constitution. Article VIII, section 16 does not explicitly define the parameters of the authority of nonelected prosecutors. It merely states that elected public prosecutors must retain "primary" responsibility within the overall prosecutorial scheme. The implicit residual or nonprimary responsibility found in section 16 allows the Legislature to confer limited powers to prosecute state crimes. The Legislature may use that authority to further the public interest in prosecuting crimes as long as the "primary responsibility" of "public prosecutors" is not undermined. Here, Utah Code Ann. § 10–3–928 grants a very limited authority to city attorneys. The authority is limited to prosecuting state infractions and misdemeanors within the boundaries of the city. Should city attorneys choose not to prosecute particular violations of state law falling within their jurisdiction, a public prosecutor always retains the right to follow through on the matter. Public prosecutors consequently retain the primary obligation to oversee the prosecution of state criminal statutes within the prosecutorial system, whereas city attorneys have no particular obligation to prosecute those statutes. Moreover, rather than undermining the primary responsibility of public prosecutors, the statute enhances the ability of public prosecutors to perform their most significant duty—the prosecution of felonies. To the extent that public prosecutors would be required to devote time to supervising city attorney prosecution of infractions and misdemeanors, it would be a drain on the public prosecutor's resources. Hence, we do not believe that the limited power conferred on city prosecutors exceeds the scope of the secondary responsibility that is implicit in article VIII, section 16.

Examination of the historical context of the adoption of the present article VIII, section 16 reinforces this conclusion. When the Utah Constitution was enacted in 1896, article VIII, the judicial article of the Constitution, contained a provision regarding the office of county attorney which read:

A county attorney shall be elected by the qualified voters of each county who shall hold his office for a term of two years. The powers and duties of county attorneys, and such other attorneys for the State as the Legislature may provide, shall be prescribed by law. In all cases where the attorney for any county, or for the State, fails or refuses to attend and prosecute according to law, the court shall have power to appoint an attorney pro tempore.

Utah Const. art. VIII, § 10 (1896).

This provision remained a part of the Constitution until revision of the judicial article in 1984. Prior to that time, city attorneys were sometimes granted limited authority to prosecute state criminal actions involving minor offenses or major offenses of a very narrow category of crime occurring within city boundaries. For example, in 1977 the Legislature enacted Utah Code Ann. §§ 76–10–1215 and –1225, allowing city attorneys to prosecute felony and misdemeanor violations of pornography statutes occurring within city boundaries. In 1983, the Legislature enacted Utah Code Ann. § 41–6–44.8, allowing city attorneys to prosecute charges of driving under the influence and driving with a re-

---

7. Chapter 5 of title 67, for instance, sets forth the general statutory provisions related to the attorney general's office. Section 67–5–1 states that "[t]he attorney general shall" and then proceeds to enumerate a long list of responsibilities. As a pragmatic matter, it is obvious that the attorney general could not attend to all of those responsibilities personally, yet the wording of the statute itself does not explicitly provide for the delegation of those duties to assistants. Other provisions, however, do refer specifically to the "Office of the Attorney General," notably § 67–5–8, which provides for the establishment of a career system. In other words, the Legislature effectively employed the terms "attorney general" in § 67–5–1 and the "Office of the Attorney General" in § 67–5–8 interchangeably, the only real distinction being that the former seems more connected to official duties and the latter to administrative.

voked or suspended license.[8] These statutes granted authority to city attorneys to prosecute certain state crimes independent of the supervision or control of elected public prosecutors.

If the framers of the 1984 judicial article amendments had intended article VIII, section 16 to preclude the Legislature from granting authority for the prosecution of state statutes to nonelected city attorneys, they easily could have said as much in so many words. Yet there is nothing in the text of the constitutional provision to support such a conclusion. Indeed, the absence of any express prohibition against prosecution of state statutes by nonelected prosecutors is even more significant in light of the fact that the Legislature allowed city attorneys to prosecute specified state crimes at the time the judicial article was revised. If the Legislature was then permitting that which the framers intended to proscribe, one would certainly expect a clearer articulation of that intent to appear on the face of the provision itself.

In sum, both the text and the history of article VIII, section 16 demonstrate that the limited nature of the prosecutorial authority delegated to city attorneys pursuant to Utah Code Ann. § 10–3–928 fits within the scope of the implied secondary responsibility which article VIII, section 16 allows.

Affirmed.

ZIMMERMAN, C.J., and HOWE and DURHAM, JJ., concur in Associate C.J. STEWART's opinion.

RUSSON, Justice, *concurring in the result:*

I concur in the result of the majority opinion but disagree with some of the reasoning and overly broad language set forth therein. I base my concurrence upon the reasoning set forth in the opinion of the court of appeals in this case. That reasoning was succinctly set forth in its conclusion where it stated:

> While the statute allows persons other than public prosecutors to bring criminal actions in the name of the state, the concept of "primary" responsibility required by our state's constitution does not mean "exclusive" responsibility. Accordingly, city attorneys can have some responsibility for the prosecution of crimes in the name of the state as long as public prosecutors continue to have the "primary" responsibility.
>
> Public prosecutors—the attorney general and county and district attorneys—have the primary responsibility over the system as a whole for prosecuting criminal actions in the name of the state. This is true both quantitatively, since public prosecutors have the responsibility to prosecute all cases in the name of the state compared to city attorneys who have no compulsory duty to prosecute any actions in the name of the state, and qualitatively, since city attorneys are only authorized to prosecute misdemeanors. The first facet of the constitutional mandate, that of *statewide* "primary responsibility," is thus fulfilled by public prosecutors.
>
> City attorneys are, however, authorized to prosecute certain cases in the name of the state, relieving the duty, but not the authority, of the county and district attorneys and the attorney general to conduct the prosecution. Even so, prosecutions by city attorneys are subject to the common law authority of the attorney general to intervene in the interest of the public. In this way, every prosecution in the name of the state is subject to the authority of a public prosecutor, who is elected and thereby accountable to the people, fulfilling the second facet of "primary responsibility" required by our constitution.

*State v. Robertson,* 886 P.2d 85, 91–92 (Ct. App.1994), *cert. granted,* 899 P.2d 1231 (Utah 1995).

---

8. Other statutes that, although more ambiguous, have likewise appeared to grant authority to city attorneys to prosecute state crimes included Compiled Laws § 3360 (1917), requiring city attorneys, among other officials, to enforce the prohibition on intoxicating liquors, and Utah Code Ann. § 76–10–806, enacted in 1973, apparently allowing city attorneys to bring public nuisance actions.

Therefore, I would affirm the court of appeals for the reasons set forth above without the expansive language used by the majority opinion.