2010 UT 64

**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Cory PETERSON, Defendant and Appellant.**

No. 20090367.

Supreme Court of Utah.

Nov. 19, 2010.

**198**

Simarjit Singh Gill, Scott A. Fisher, Salt Lake City, for plaintiff.

Ronald J. Yengich, Elizabeth Hunt, Salt Lake City, for defendant.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 In this case, the trial court erred in denying defendant Cory Peterson's motion to dismiss an information filed by the Salt Lake City Prosecutor. We agree with Mr. Peterson's argument on interlocutory appeal that the plain language of Utah Code section 10–3–928 prohibits a city attorney from prosecuting misdemeanors and infractions that occurred outside that city's geographical boundaries. We reverse and remand for dismissal of the information.

## BACKGROUND

¶ 2 On October 26, 2008, West Jordan police were called to a West Jordan residence in response to an alleged domestic incident involving Mr. Peterson, a Salt Lake County Sheriff's Deputy.[1] The West Jordan police investigated the incident and forwarded their findings to Stuart Williams, the West Jordan City Prosecutor. Mr. Williams concluded that multiple conflicts of interest prevented his office from prosecuting Mr. Peterson. As a result, Mr. Williams requested that the Salt Lake City District Attorney's Office take over the prosecution of Mr. Peterson. Because Mr. Peterson's brother works as an investigator at the Salt Lake City District Attorney's Office, that office also screened itself off the case.

¶ 3 Mr. Williams then contacted the Salt Lake City Prosecutor's Office and requested that it take the case. The Salt Lake City Prosecutor accepted. The Salt Lake City Police Department then investigated the alleged domestic incident. Subsequently, the Salt Lake City Prosecutor's Office filed seven charges arising under state law against Mr. Peterson. The Salt Lake City Prosecutor filed the information in the Third District Court in Salt Lake City, not West Jordan.

¶ 4 In response, Mr. Peterson filed a Motion to Dismiss the Information, arguing that the Salt Lake City Prosecutor's Office lacked authority to prosecute him for charges stemming from an incident occurring within the city limits of West Jordan. The district court denied the motion, believing that Utah Code section 10–3–928(2)'s geographical limitation on a city attorney's authority to prosecute does not apply in conflict-of-interest situations. The district court referred to the value of prosecutorial discretion in handling conflicts issues and cited *Villalpando v. Reagan*, 211 Ariz. 305, 121 P.3d 172 (Ariz.Ct.App. 2005), in support of its decision.

¶ 5 Mr. Peterson then filed a petition for interlocutory appeal, which was granted. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(b) (Supp.2010).

## STANDARD OF REVIEW

¶ 6 "The grant or denial 'of a motion to dismiss is a question of law [that] we review for correctness, giving no deference to the decision of the trial court.'" *State v. Hamilton*, 2003 UT 22, ¶ 17, 70 P.3d 111 (alteration in original) (quoting *Krouse v. Bower*, 2001 UT 28, ¶ 2, 20 P.3d 895).

## ANALYSIS

¶ 7 Utah's system of criminal justice is a statutory scheme. *See* Utah Code Ann.

---

1. This recitation of facts draws from the stipulated facts submitted by both parties during the trial court's consideration of Mr. Peterson's motion to dismiss.

§ 76–1–105 (2008) (abolishing all common law crimes and establishing Utah's criminal law as statutorily based); *State v. Drej*, 2010 UT 35, ¶ 18, 233 P.3d 476 ("The legislature unquestionably has the exclusive authority to define what acts constitute crimes and what the elements of those crimes are."); *State v. Gallion*, 572 P.2d 683, 688 (Utah 1977) ("[T]he courts may not denounce and punish as crimes acts and omissions not made punishable by statute, for it is a legislative power to declare acts as crimes and to prescribe proper penalties."). Moreover, the Utah Constitution vests the legislature with the authority to define who may enforce the laws of the state: "The Legislature shall provide for a system of public prosecutors who shall have primary responsibility for the prosecution of criminal actions brought in the name of the State of Utah and shall perform such other duties as may be provided by statute." Utah Const. art. VIII, § 16. Other than being (1) elected and (2) admitted to practice law in the state, the constitution permits the legislature to freely define the system of public prosecutors. *See Id.*

¶ 8 The legislature has used this constitutional authority to create three types of public prosecutors. They are (1) the Utah Attorney General, (2) district attorneys, and (3) county attorneys. *State v. Robertson*, 924 P.2d 889, 890–91 (Utah 1996) (stating that those three offices are " 'public prosecutors' within the meaning of section 16"). As required by statute, each of these individuals is elected to statewide (in the instance of the Attorney General) or countywide (in the instance of district and county attorneys) office. *See* Utah Const. art. VII, § 1 (Attorney General); Utah Code Ann. § 17–18–1.6 (2009) (district attorney); *id.*, § 17–18–1(1)(1) (2009) (county attorney).

 ¶ 9 City attorneys, however, are not public prosecutors because they are not elected officials. *Robertson*, 924 P.2d at 891. But the fact that city attorneys are not elected and do not meet the constitutional definition of a public prosecutor does not render the legislature's grant of authority to city prosecutors unconstitutional. Indeed, in *State v. Robertson* we held that the statute granting authority to city attorneys is constitutional. *Id.* at 893. Our decision in *Robertson* was predicated on article VIII, section 16's use of the term "primary responsibility." In interpreting that term, we stated that "article VIII, section 16 confers only 'primary,' not 'exclusive,' responsibility on elected public prosecutors for the 'prosecution of criminal actions.' It follows that a residuum of prosecutorial power exists which the Legislature may confer on persons other than 'public prosecutors.' " *Id.* at 891. Moreover, we held that article VIII, section 16

> merely states that elected public prosecutors must retain "primary" responsibility within the overall prosecutorial scheme. The implicit residual or nonprimary responsibility found in section 16 allows the Legislature to confer limited powers to prosecute state crimes. The Legislature may use that authority to further the public interest in prosecuting crimes as long as the "primary responsibility" of "public prosecutors" is not undermined. Here, Utah Code Ann. § 10–3–928 grants a very limited authority to city attorneys.

*Id.* at 893.

 ¶ 10 Although our discussion of city attorneys in *Robertson* was focused on determining whether the legislature had the authority to create non-public prosecutors, it is nonetheless relevant to the inquiry presented in this appeal. Our holding clearly stands for the proposition that the legislature has the authority to "confer limited powers" on non-public prosecutors. The legislature therefore has as much authority to define the limits of those officials who are not public prosecutors but carry out residual or nonprimary functions as it does to define the offices that are public prosecutors. Thus, the authority of a city attorney is entirely encompassed in the Utah Code;[2] it is the legislature that permits the creation of a city

---

**2.** It is this fact that makes *Villalpando v. Reagan*, 211 Ariz. 305, 121 P.3d 172 (Ariz.Ct.App.2005), a case cited extensively in Salt Lake City's brief, inapposite. In considering the amount of discretion owed prosecutors in transferring cases due to conflicts of interest, the Arizona court did not consider any statutory scheme constraining its city prosecutors. Instead, the Arizona court noted that the only issue presented was "whether a conflict-barred prosecutor's nomination of sub-

attorney and defines the scope of that office. *See* Utah Code Ann. § 10–3–928 (2007); *Robertson,* 924 P.2d at 893.

¶ 11 Turning now to the statute that governs city attorneys, section 10–3–928 states in relevant part:

In cities with a city attorney, the city attorney:

(1) may prosecute violations of city ordinances[;]

(2) may prosecute, under state law, infractions and misdemeanors occurring within the boundaries of the municipality;

(3) has the same powers in respect to violations as are exercised by a county attorney or district attorney, except that a city attorney's authority to grant immunity shall be limited....

"When our review 'requires us to examine statutory language, we look first to the plain meaning of the statute.'" *State v. Hamilton,* 2003 UT 22, ¶ 17, 70 P.3d 111 (quoting *Young v. Salt Lake City Sch. Dist.,* 2002 UT 64, ¶ 10, 52 P.3d 1230). The plain language of this section permits a city attorney to prosecute only limited types of violations of state law (infractions and misdemeanors) that occur within the boundaries of that city attorney's municipality.[3] This is the scope of authority, in the context of prosecuting violations of state law, that the legislature vested in city attorneys. Neither the prosecutors

subject to section 10–3–928 nor the courts are empowered to expand that authority.[4]

¶ 12 The Salt Lake City Prosecutor has brought misdemeanor charges against Mr. Peterson for events that occurred in West Jordan, outside the Salt Lake City limits. Thus, the Salt Lake City Prosecutor's prosecution of Mr. Peterson contravenes the limited authority that the legislature vested in city attorneys to "prosecute ... infractions and misdemeanors occurring within the boundaries of the municipality."

## CONCLUSION

¶ 13 In charging Mr. Peterson, the Salt Lake City prosecutors exceeded their statutory authority as city attorneys under Utah Code section 10–3–928. Accordingly, we reverse the trial court and remand for the dismissal of the information.

¶ 14 Associate Chief Justice DURRANT, Justice PARRISH, Justice NEHRING and Judge MORTENSEN concur in Chief Justice DURHAM's opinion.

¶ 15 Justice WILKINS does not participate herein; District Judge DAVID MORTENSEN sat.

---

stitute counsel violates a defendant's federal and state due-process rights to 'fundamental fairness.'" *Id.* at 174.

3. In *Robertson,* we also held that the legislature's decision to authorize city attorneys to prosecute misdemeanor charges and infractions that occur within city limits does not impinge on public prosecutors' primary responsibility for the prosecution of criminal activities. 924 P.2d at 893. "Moreover, rather than undermining the primary responsibility of public prosecutors, the statute enhances the ability of public prosecutors to perform their most significant duty—the prosecution of felonies." *Id.*

4. We note that it was not necessary for the Salt Lake City Prosecutor to take this case in order for any prosecution to occur. "Should city attorneys choose not to prosecute particular violations of state law falling within their jurisdiction, a *public prosecutor* always retains the right to follow through on the matter." *Robertson,* 924 P.2d at 893 (emphasis added). The Utah Attorney General retains authority to "prosecute ...

all causes to which the state ... is a party" when a city attorney does not prosecute and "assist any ... city attorney in the discharge of his duties." Utah Code Ann. § 67–5–1(2), (8); *see also Robertson,* 924 P.2d at 894 (Russon, J., concurring in the result) ("City attorneys are, however, authorized to prosecute certain cases in the name of the state, relieving the *duty,* but not the *authority,* of the ... attorney general to conduct the prosecution. Even so, prosecutions by city attorneys are subject to the common law authority of the attorney general to intervene in the interest of the public." (emphases added)); *cf. State v. Jiminez,* 588 P.2d 707, 708 (Utah 1978) ("Certainly the framers of the Constitution had no intention to elevate County Attorneys to positions of pre-eminence where they might dictate that the Attorney General, who has supervisory authority over them, could not act in the role of prosecutor under appropriate circumstances."). Furthermore, article VIII, section 16 of the Utah Constitution states that "[i]f a public prosecutor fails or refuses to prosecute, the Supreme Court shall have power to appoint a prosecutor pro tempore."